BARRE CITY HOSPITAL *v.* TOWN OF ST. JOHNSBURY.

(83 A2d 600)

May Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 2, 1951.

*Graves & Mehlman* for the defendant.

*Finn, Monti & Davis* and *H. William Scott* for the plaintiff.

JEFFORDS, J. This is an action of contract in which the plaintiff seeks to recover for the relief and support of one Idella Allen under

and by force of V. S. 47, §§ 7112 and 7114. The case was tried by the court with a resulting judgment for the plaintiff and it is here on exceptions of the defendant.

The material facts as found by the court are as follows: "1. That Idella Allen was admitted to plaintiff hospital on May 25, 1949, and remained there until her discharge on June 7, 1949. 2. That the plaintiff gave notice to defendant, as required by § 7112, Vermont Statutes, Revision of 1947, as amended; that the condition for which Idella Allen was treated at plaintiff hospital had existed for some time prior to her admittance; that she had been previously treated for the same condition at certain hospitals in Burlington; that I find that the condition for which she was treated while at plaintiff hospital was such as to bring it under §§ 7112, 7113. 3. That the said Idella Allen at the time of her admittance was making her home in the town of St. Johnsbury."

The defendant has briefed exceptions to the admission of certain evidence and to certain of the findings. These exceptions are not here available to the defendant as all of the evidence admitted, whether properly or improperly, was merged in the court's findings and the failure to except to the findings waives the exceptions to the admission of the evidence and such exceptions cannot cure the failure to except to the findings based thereon. *Town of Randolph* v. *City of Barre*, 116 Vt 557, 559, 80 A2d 537. True it is that case was one from a county court sitting without a jury while the present one is from a municipal court so sitting but it is shown in the Randolph case that the same rule should apply in each court. It is also true that in the present case it is stated in the bill of exceptions that the defendant was allowed an exception to each finding. Since no particular finding was pointed out, and no particular fault is indicated, the exception is too general to be available. *Turner* v. *Bragg*, 113 Vt 393, 401, 35 A2d 356; *Campbell* v. *Ryan*, 112 Vt 238, 240, 22 A2d 502; *Bemis* v. *Aldrich*, 102 Vt 277, 278, 147 A 693.

In considering the exception to the judgment the only question before us is whether the judgment is supported by the facts found. *Duchaine* v. *Zaetz*, 114 Vt 274, 276, 44 A2d 165, and cases cited.

V. S. 47, § 7112 which is the only statute here material reads as follows: "If a transient person dies, is injured, suddenly taken sick, lame, or is otherwise disabled and confined to any house or hospital

in a town, and is in need of relief, the person at whose house or hospital he is shall be at the expense of relieving and supporting such person, until notice of the situation of such person is given to the overseer of the poor of the town, or, in case such transient person is confined in a hospital in a town other than the town from which he came to enter such hospital, until such notice is given to the overseer of the latter town, after which the overseer of the town so notified shall provide for the support of such person."

The defendant says that three essential facts necessary to the right of recovery under the statute do not appear in the findings. It lists these facts as (1) That the alleged transient was in need of relief; (2) The town from which she came prior to admission to the plaintiff hospital and (3) That such transient suddenly became sick, or lame or disabled.

We must assume in favor of the judgment that the trial court inferred such facts from the other facts certified as it ought to have done, or might fairly have done. *Longchamp* v. *Conti,* 115 Vt 492, 493, 66 A2d 1; *Labor* v. *Carpenter,* 102 Vt 418, 422, 148 A 867. We will assume in support of the judgment that the trial court inferred from the facts found any fact fairly inferable therefrom and necessary to support the judgment. *Siwooganock Guaranty Sav. Bk.* v. *Cushman,* 109 Vt 221, 245, 195 A 260. Doubtful findings are to be so read as to support the judgment, if they reasonably may be. *Montpelier* v. *Calais,* 114 Vt 5, 8, 39 A.2d 350.

With the above rules in mind we will test the claimed deficiencies in the findings above noted.

The defendant intimates in its brief that in spite of what was said in the opinion in the case of *St. Albans Hospital* v. *City of St. Albans,* 107 Vt 59, 176 A 302, 303, as to the meaning of the words "in need of relief" in P. S. 3926 now, as far as material on this question, V. S. 47, § 7112, that such words mean financial relief. We said in that case "No question of financial ability arises under P. L. 3926, until suit is brought by one town against another." We adhere to that statement and hold, as indicated in the St. Albans case, that the above quoted words mean in need of medical relief or relief of that nature. We will assume from finding number 2 that the trial court inferred that at the time Idella was confined in the plaintiff hospital, and there treated, she was "in need of relief" within the meaning of the statute as herein set forth.

It is found that Idella at the time of her admittance to the plain-

tiff hospital was making her home in the town of St. Johnsbury. We will assume in support of the judgment that the trial court inferred that she "came" from the defendant town to enter the hospital within the meaning and requirements of that statute.

It is contended that because of the finding that the condition for which Idella was treated had existed for some time prior to her admittance to the plaintiff hospital and of treatments for this condition at other hospitals that she was not suddenly taken sick, lame or disabled within the requirements of the statute. It cites the St. Albans case, supra, in support of its claim that the statute was designed to take care only of urgent situations involving transients. That case does not support this claim. It is therein stated in the last sentence on page 61, "It seems clear that by P. L. 3926, the Legislature, with a most philanthropic purpose, intended to so provide that every person transient in the foregoing sense, whether rich or poor, whether a resident or non-resident of the town wherein he became sick, lame, or disabled, should be assured of care and treatment, promptly administered." And again on page 63, "When we keep in mind the obvious purpose of the statute as hereinbefore stated and the urgency usually involved in such cases" etc. The opinion in that case was written by the late Chief Justice Powers. It is to be noted that he does not stress "suddenly" but omits it in the above quoted statement from page 61. It is also shown from the quotation supra from page 63 that a case need not be urgent to come within the statute. Moreover the word "suddenly" does not qualify the words "otherwise disabled." Again we will assume in support of the judgment that the lower court inferred that Idella was "disabled" within the meaning of the statute at the time she was admitted to the hospital. For the reasons above stated, the claim of the defendant in respect to the finding in question is not sustained.

*Judgment affirmed.*

Note. Sherburne, C. J., sat at the hearing of this case, but by reason of illness did not take part in the decision.