## William R. Potter, et al v. Town of Clarendon

[108 A2d 394]

May Term, 1954.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed October 5, 1954.

*Joseph M. O' Neill* (*Silvio T. Valente* on the brief) for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

**Cleary, J.** This is an action to recover money paid under protest as taxes claimed by the plaintiffs to have been illegally assessed against them in the quadrennial appraisal of 1950. The case was tried by the court, findings of fact made and judgment entered for the defendant.

The cause is here on the plaintiff's exception to the judgment so the only question presented is whether the judgment is supported by the facts found. *Benoit* v. *Wing*, 117

Vt 477, 478, 94 A2d 237; *Turner* v. *Bragg*, 118 Vt 43, 45, 100 A2d 431; *Strout* v. *Wooster*, 118 Vt 66, 80, 99 A2d 689; *Abell* v. *Central Vermont Railway, Inc.*, 118 Vt. 189, 190, 102 A2d 847.

V. S. 47, §680 provides that "In the year 1950, and quadrennially thereafter, the listers shall make a new appraisal of all real estate in each town, and shall inspect all real estate, the appraisal value of which is to be other than that appearing in the preceding grand list,". The listers of the defendant town increased the appraisal value of the plaintiffs' farm $1000 in 1950. The plaintiffs contend that general knowledge of the plaintiffs' property acquired by the listers prior to 1950 did not amount to an inspection; that awareness and familiarity cannot be substituted for inspection; that the listers failed to make the inspection required by the statute and, therefore, that the findings of the court below are insufficient in law to sustain the judgment.

■ The word "inspect" is one in common use and is to be taken in the ordinary sense. *State* v. *Levine*, 117 Vt 320, 322, 91 A2d 678. "Inspect" means to look on or into, to view and examine officially.

The findings of fact show in detail the familiarity and knowledge of the property in question had by two of the listers named Ridlon and Raiche, and the detailed examination made by them in August 1950 when visiting there while engaged in their duties in connection with the quadrennial appraisal. The court then found that the quadrennial appraisal for 1950 was made by the listers from the information acquired from the examination of the plaintiffs' farm on the day of their visit in August 1950 and from the general knowledge of the property acquired by Ridlon and Raiche over the extended period of time before 1950 while living in the neighborhood and in the defendant town.

■ The statute does not prescribe the manner of making the inspection. The duty of listers in making appraisals is judicial in character; *Fairbanks & Co.* v. *Kittredge*, 24 Vt 9, 12; *Taylor* v. *Moore*, 63 Vt 60, 68, 21 A 919; *Waterman* v. *Davis*, 66 Vt 83, 88, 28 A. 664; *Godfrey* v. *Bennington Water Co.*, 75 Vt 350, 355, 55 A 654; they act upon their best discretion

and judgment. *Fuller* v. *Gould*, 20 Vt 643, 650; *Stearns* v. *Miller*, 25 Vt 20, 25-26; *Wilson* v. *Marsh*, 34 Vt 352, 359-360. Common sense and practical everyday business experience are their best guides. Taxation is a practical problem. *Philadelphia & Reading Coal & Iron Co.* v. *Northumberland Co. Comrs.*, 229 Pa 440, 467, 79 A 109, 112. A tax will not be rendered void by reason of the manner in which any matter is determined by the listers, if such matter rests fairly within their legitimate discretion. In making appraisals suitable allowance is made for the varieties, as well as the errors of judgment, which occur in all matters of this kind. *Henry* v. *Chester*, 15 Vt 460, 467; *Wilson* v. *Wheeler*, 55 Vt 446, 453-454; *Brock* v. *Bruce*, 58Vt 261, 267-268, 2 A 598; *Town of Brattleboro* v. *Carpenter*, 104 Vt 158, 173, 158 A 73.

■ ■ In arriving at their judgment in appraising the value listers have the right to include their knowledge and awareness of and familiarity with the property along with their examination of it and the court below expressly found they did that. The court used the word examination, a synonym of the word inspection. We are bound to construe findings of fact reasonably, *McGann* v. *Capitol Bank and Trust Co.*, 117 Vt 179, 183, 89 A2d 123; they are to be so read as to support the judgment, if they reasonably may be. *Barre City Hospital* v. *St. Johnsbury*, 117 Vt 5, 7, 83 A2d 600. So read, the findings here state that the listers inspected the property. The findings support the judgment.

■ If the plaintiffs felt aggrieved with the sufficiency of the inspection which is their claim here, that is but a factual matter and only an irregularity; the statutes gave them the right to appeal. V. S. 47, §§685-686, 776, 777, 786, 796. Not having done so they must abide by the determination made by the listers and cannot attack it collaterally. *Weatherhead* v. *Town of Guilford*, 62 Vt 327, 330, 19 A 717; *Taylor* v. *Morse*, 63 Vt 60, 68, 21 A 919; *Waterman* v. *Davis*, 66 Vt 83, 88, 28 A 664; *Phillips* v. *Bancroft*, 75 Vt 357, 359, 56 A 9. It may be that the trial court based its ruling upon other grounds, but we may sustain the ruling upon any legal grounds. *Meyette* v. *Canadian Pacific Ry. Co.*, 110 Vt 345, 355, 6 A2d 33.

*Judgment affirmed.*