## William Devoid and Doris Devoid v. Town of Middlebury

[350 A.2d 349]

No. 120-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Lynch, Ketcham & Foley*, Middlebury, for Plaintiffs.

*Jon C. Stahl* of *Langrock and Sperry*, Middlebury, for Defendant.

**Daley, J.** The plaintiffs appeal from a decision of the Addison Superior Court denying the relief sought by them in a civil action to recover real estate taxes assessed upon their lands in the Town of Middlebury for the taxable year of 1974 and paid under protest. As a result of a reappraisal made of all properties in the Town, the listers substantially raised the valuation of the plaintiffs' property and they appealed to the board of civil authority.

The plaintiffs contend that, due to noncompliance by the twenty-two member board of civil authority with statutory

directives relating to inspection of their property and notification of its action, their grand list should remain at the amount set before the appealed change made by the listers. Plaintiffs base their contentions upon 32 V.S.A. § 4404(c) (Supp. 1975), the material parts of which are as follows:

Each property, the appraisal of which is being appealed, shall be inspected by a committee of not less than three members of the board who shall report to the board within thirty days from the hearing on the appeal and before the final decision pertaining to the property is given. The board shall, within ten days from the time of the committee report, certify in writing its findings in the premises, and shall file such findings with the town clerk who shall thereupon record the same in the book wherein the appeal was recorded and forthwith notify the appellant in writing of the action of such board, by certified mail. If the board does not carry out the requirements of this subsection, the grand list of the appellant for the year for which appeal is being made shall remain at the amount set before the appealed change was made by the listers, and the town clerk shall immediately record the same in the book wherein the appeal was recorded and forthwith notify the appellant in writing of such action, by certified mail. Thereupon the appraisal so determined pursuant to this subsection shall become a part of the grand list of such person.

The plaintiffs urge upon us as they did in the trial court that the inspection called for in the statute by a committee of not less than three members of the board must be conducted at a time when all three members are present. They contend such is the intent of the statute although not specifically stated therein.

That a statutory duty is imposed upon the board of civil authority to make a determination in regard to the fair market value of property where a taxpayer appeals from the grievance hearing, as the plaintiffs did here, needs no citation. The requirement for a committee inspection came into being by virtue of No. 58 of the Acts of 1959. Prior to the amendment, the board heard the parties and rendered its de-

cision from the listers' appraisals, and the testimony of the taxpayers and their witnesses, but most often without any knowledge of the exact location or physical characteristics of the real estate in question. The only inspection of the property was that made by the listers, whose manner of making the inspection was not prescribed by statute.

By its amendment in 1959, the Legislature evidently intended that at least some members of the board, particularly where the board is as large as it is here, should examine the property and report their observations to the board. The committee, as inspectors, do not determine the fair value of the property, but only view it for the board's information when that body, including the inspectors, makes its decision. The board is essentially a statutory factfinder which takes into consideration the view taken by a subcommittee along with all of the other evidence before it. This is borne out by the fact that the board is nowhere required by statute to accept the report of its committee or base its decision of fair market value upon the opinions of their inspectors.

The trial court was confronted with an issue of fact; namely, whether the inspection, admittedly not conducted simultaneously by three committee members, constituted an inspection within the purview of 32 V.S.A. § 4404(c). The statute itself does not define the word "inspect", nor does it attempt to define the method, extent, or sufficiency of an inspection. Although in its conclusion the trial court utilized the definition of inspection as set forth in Black's Law Dictionary, "a critical examination, close or careful scrutiny, a strict or prying examination", it concluded that examination of pertinent facts that would permit the inspection, or to arrive at a reasonable conclusion as to fair market value, is all that is required by the statute.

In an action of a similar nature, to recover taxes under protest, a question was raised as to inspection made by listers. This Court, in *Potter* v. *Clarendon*, 118 Vt. 278, 280, 108 A.2d 394 (1954), Cleary, J., later C.J., speaking for the Court, stated:

> The word "inspect" is one in common use and is to be taken in the ordinary sense. *State* v. *Levine*, 117 Vt. 320, 322, 91 A.2d 678. Inspect means to look on or into, to view and examine officially.

■ The word "inspect" in the statute in question is to be taken in its ordinary sense, unless that would lead to an unintended result. *Smith & Son, Inc.* v. *Town of Hartford,* 109 Vt. 326, 330, 196 A. 281 (1937). In our opinion, the word taken in its ordinary sense clearly evinces the intent of the Legislature and produces its intended result.

The sufficiency of the inspection by listers in *Potter* v. *Clarendon, supra,* was held to be a factual matter, and we have been cited no reason why we should not hold the same true in the case before us. In this regard, the trial court found the following facts which are supported by competent evidence. Two members of the committee visited the property and inspected it thoroughly enough to report back to the board. The third member did not accompany his associates in this inspection, but on or before the date of the board hearing, he drove around the property and examined the outside of the buildings. He returned to Middlebury and had sheets (appraisal cards) with him from the listers concerning the property. He went over the reports submitted by his two associates. He did not inspect the Scofield property which, however, is only a small part of the whole Devoid appraisal.

Although not found by the court, the undisputed evidence reveals that at some time before the board's hearing, the full committee met and came to the conclusions submitted in their report to the board. What this report was is not shown in the record.

Upon the facts found, the trial court concluded that the committee does not have to inspect as a group, but may inspect in any combination or individually. The court further concluded that a proper inspection was made by the third member.

■ ■ We are bound to examine findings of fact reasonably. *McGann* v. *Capital Bank & Trust Co.,* 117 Vt. 179, 183, 89 A.2d 123 (1952), and they are to be so read as to support the judgment, if they reasonably may be. *Barre City Hospital* v. *St. Johnsbury,* 117 Vt. 5, 7, 83 A.2d 600 (1951). So read, the findings here support the lower court's conclusion that the plaintiffs' property was inspected by the three committee members as required by 32 V.S.A. § 4404(c). We do not

interpret the statute as requiring an inspection by all three committee members simultaneously.

■ The plaintiffs also claim that the trial court erred in admitting the listers' appraisal cards into evidence as being immaterial. We agree with this contention, but no showing of prejudice has been demonstrated, and thus the error is harmless.

■ Although plaintiffs contend entitlement to relief because of a timely notification of the board's action which contained an incorrect amount by which their appraisal had been reduced, we cannot agree. The error of the town clerk caused by a transposition of grand list figures explained in the evidence has not been shown to have been prejudicial to the plaintiffs. Furthermore, such relief is not in accord with the allegations of their complaint. We will not hold that the town clerk's action required a listing of the plaintiffs' property in accordance with the 1973 appraisal or that the clerk's error constitutes dereliction by the board within the purview of 32 V.S.A. § 4404(c).

*The judgment order in this cause, not made a part of the printed case, denies the plaintiffs' prayer for relief, and we affirm the judgment.*