# Frank E. Punderson, Jr. and Linda Ide Punderson
## v. Town of Chittenden

[388 A.2d 373]

No. 295-76

Present: Barney, C.J., Daley and Larrow, JJ. and Shangraw, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed June 6, 1978

Motion for Reargument Denied June 27, 1978

*Corsones & Hansen,* Rutland, for Plaintiffs.

*Norman Cohen,* Rutland, for Defendant.

**Larrow, J.** Appellants, property owners in the Town of Chittenden, were dissatisfied with the 1973 grand list of two pieces of real estate owned by them. On appeal, the Chittenden Board of Civil Authority continued one 19.8 acre parcel at a fair market value of $20,800, and reduced the other 15.2 acre parcel from $21,900 to $19,760. Appellants then filed an appeal with the Rutland Superior Court, claiming in substance that these appraisals exceeded fair market value, and that the Town had not complied with the procedural requirements of 32 V.S.A. § 4404(c).

A motion to dismiss the § 4404(c) claim, filed by the Town, was denied by the presiding judge, by an order setting an evidentiary hearing on the issue. This hearing was held before a second presiding judge who, although terming it (quite obviously in error) a hearing on motion for summary judgment, made extensive findings of fact relating solely to the procedural actions of the Town and denied the claim on the general ground that there had been substantial compliance with the statute. Attempts at intermediate appeal were unsuccessful, and a third judge heard the case on the question of valuation, making findings and an order with respect thereto. Since there was then a final judgment under V.R.C.P. 54(b), the Pundersons took their appeal to this Court. Here they attack only the second order, claiming that substantial compliance should not have been found, and that the court below should have invoked the punitive provisions of 32 V.S.A. § 4404(c) by setting the property in the grand list at the amount set before the appealed change was made by the listers. That amount, the 1972 grand list valuation, for no

apparent reason is not set out in either the pleadings or the extensive findings below. Apart from supporting the appealed order on the merits, the Town argues a lack of prejudice to the appellants because its motion to dismiss should have been granted in the first instance. We will consider that contention first.

The Town's motion to dismiss was based upon a claimed lack of jurisdiction in the superior court to entertain, upon an appeal under 32 V.S.A. § 4461(a), any issues other than valuation and equalization. Although the Town has not appealed denial of its motion, it may assert error in such denial to support the judgment below, so long as it does not seek to enlarge its own rights or lessen those of its adversary. *Morley Construction Co.* v. *Maryland Casualty Co.*, 300 U.S. 185, 191 (1937). The argument is permissible, but not convincing.

32 V.S.A. § 4461(a) speaks of an appeal (to superior court) by "[a] taxpayer or the selectmen of a town aggrieved by a *decision* of the board of civil authority." (Emphasis added.) The Town would have us hold that the failure of the board, or the clerk, to follow required statutory procedures, as discussed at length *infra*, is not a "decision" that can be put into question by notice of appeal. It urges suit to recover taxes paid under protest as appellants' only remedy. See *Devoid* v. *Town of Middlebury*, 134 Vt. 69, 350 A.2d 349 (1975). *Devoid* impliedly approves such procedure, but does not make it exclusive. In addition, the Town argues that only questions of valuation and equalization may be tried de novo before the superior court, because 32 V.S.A. § 4467 imposes that limitation. We disagree. Another portion of § 4461(a) goes on to state:

> An appeal to the director [then commissioner] shall be commenced by filing a notice of appeal *setting forth briefly the grounds upon which the appeal is based, and, if it relates to the appraisal of real or personal property, a brief description of the property and its location.* (Emphasis added.)

This language would be anomalous indeed if an appeal under § 4461 were to be construed as restricted solely to the question

of valuation. Further, § 4461(b), when it speaks of a similar appeal by the town agent, refers to an appeal from any "action" of the board of civil authority. Absent any clear reason to do so, we should not construe words to have a different meaning than their plain and ordinary one. *Grenafege* v. *Department of Employment Security,* 134 Vt. 288, 290, 357 A.2d 118, 120 (1976). In this statute, "decision" and "action" seem to have similar import. The Town cites *Monti* v. *Town of Northfield,* 135 Vt. 97, 369 A.2d 1373 (1977), to buttress its contention, but that case does not do so. It merely holds that procedural defects before the board of civil authority are immaterial where the only issue on appeal, tried de novo, is valuation.

■ We turn, therefore, to the order appealed from, which concluded that there had been substantial compliance with the procedural requirements delineated in 32 V.S.A. § 4404(c). The Town's first argument is that these procedures are not mandatory, despite use of the word "shall." The rule it asserts is that "shall" is mandatory only when necessary to give effect to legislative intent. Whatever the force of that argument as it relates to procedures required to be taken *by the town clerk,* it cannot apply to procedures required to be taken *by the board itself.* An express sanction is provided for the situation "if the board does not carry out the requirements of this subsection." In that case, the grand list of the appellant for that year is to remain unchanged from the previous year. An express sanction is not consistent with any interpretation except that the procedures outlined are mandatory.

■ Those procedures required to be taken by the board under § 4404(c) are: (1) Meeting at the time and place designated; (2) Hearing and determining all appeals; (3) Inspection of properties by committee, with report back; (4) Certification in writing of the board's findings in the premises; (5) Filing of that certification with the clerk. From the findings below, procedures 1, 2, and 3 were evidently complied with. The only possible compliance with procedures 4 and 5 rests upon a document entitled "Findings of Fact," prepared by the town clerk from her notes of the meeting. It describes the property involved, the motion made and the

result of the vote. It is unsigned, either by the clerk or any member of the board. It was not reviewed by the board or by any member of the board. It is not in affidavit form; it does not purport to be formal, official, authoritative or attested; it contains no allusion whatever to certification. It has no language indicating status as an official record.

Additionally, the document in question was not recorded, but was merely placed in a manila envelope. Appellants received notice of the board's decision by certified mail.

We are strongly of the view that the document in question does not constitute "findings" within any commonly accepted meaning. It is at best a bare statement of result, without any stated reason. Fair market value is not even referred to. It does not meet the underlying purpose of indicating to the parties, and to an appellate court, what was decided and upon what considerations. *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 503, 367 A.2d 1363, 1366 (1976); *Wells* v. *Village of Orleans, Inc.,* 132 Vt. 216, 221, 315 A.2d 463, 466 (1974). And even if it were a finding, it was not prepared by the board, but by the clerk. Unreviewed by the board or by any member thereof, and unsigned, it does not purport to meet any definition of certification. And it was not filed *with* the clerk by the board, but with the clerk by herself. The 4th and 5th requirements we outlined above were not complied with in any particular.

We confine our holding to the failure of the board of civil authority to follow the procedures mandated by § 4404(c). The sanction contained in that subsection seems to be applicable only to failures by the board, and not by other officials. We cannot agree with the trial court that there was substantial compliance with the mandates of the statute, and that no prejudice resulted when the "intent" of the Town was communicated to the appellants. If the requirement of findings has *any* meaning, it is to convey not only a result, but also an indication of how the result was arrived at. Had the document in question been fully executed and signed, which it clearly was not, it would still not have met that test. If the sanction imposed, as the Town argues, is too severe, that fact is a matter for legislative concern. We can only say that, in our view, the Legislature meant for an appealing taxpayer to get

reasons, as well as a result, when a board of civil authority rules against him, with an alternative of former tax valuation, for one year only, where that requirement is not met. And, as appellants point out, that same information is of value to other taxpayers as well as to themselves. Neighborly concern often extends to tax comparisons. A public policy is involved, as well as issues of prejudice to the individual.

*Judgment vacated, and cause remanded for determination of 1972 grand list of the properties in question, and for entry of order establishing those valuations as the grand list for 1973 only for those properties of the appellants in the Town of Chittenden.*