City of Winooski v. Charles A. Barnes
City of Winooski v. Clark W. Hinsdale, Jr.
City of Winooski v. Wilfred Campbell
[451 A.2d 1140]
Nos. 198-81, 199-81, 200-81
Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.
Opinion Filed September 7, 1982

*William E. Wargo*, City Attorney, Winooski, for Plaintiff-Appellant.

*Charles A. Barnes*, pro se, Winooski, Defendant-Appellee.

*Clark W. Hinsdale, Jr.*, pro se, Winooski, Defendant-Appellee.

*Wilfred Campbell*, pro se, Winooski, Defendant-Appellee.

Hill, J. The City of Winooski is appealing an adverse decision in these three cases made by the Board of Appraisers of the Division of Property Valuation and Review. We affirm.

In all three cases the taxpayers had appealed from the listers' appraisal to the Winooski Board of Civil Authority. From

adverse decisions of the Board of Civil Authority, they appealed to the Director of Property Valuation and Review pursuant to 32 V.S.A. § 4461. The state Board of Appraisers heard these appeals and concluded that the requirements of 32 V.S.A. § 4404(c) had not been complied with by the Winooski Board of Civil Authority. The Board of Appraisers found that only two members of the responsible committee of the Winooski Board of Civil Authority inspected the taxpayers' properties. The Board also found that the third member of the committee had not taken the required oath of office. Based on these two defects, the Board of Appraisers reinstated the taxpayers' assessments to the levels in force before the appealed changes were made by the listers.

In all three appeals, Winooski challenges both bases for the Board of Appraisers' decisions. We conclude that the Board of Appraisers correctly held that the assessments were fatally defective because the statutorily mandated number of committee members did not inspect the properties. Therefore, we do not reach the alternative ground relied upon by the Board of Appraisers.

Subsection (c) of 32 V.S.A. § 4404 imposes several obligations on municipal boards of civil authority. Pertinent to these appeals is the requirement that "[e]ach property, the appraisal of which is being appealed, shall be inspected by a committee of not less than three members of the board who shall report to the board within thirty days from the hearing on the appeal and before the final decision pertaining to the property is given." *Id.* The statute also prescribes a mandatory remedy for deviations from this procedure: "If the board does not carry out the requirements of this subsection, the grand list of the appellant for the year for which appeal is being made shall remain at the amount set before the appealed change was made by the listers . . . ." *Id.*

■■ It is uncontested that each of the properties was only inspected by two committee members. Winooski contends that since the committee was comprised of three members, inspection by two of its members was sufficient. We disagree with this convoluted construction of the statute. The plain meaning of the statute's language is that three members of the Board's committee must actually inspect the property. As we previously noted in construing this statute: "we should

not construe words to have a different meaning than their plain and ordinary one." *Punderson* v. *Town of Chittenden,* 136 Vt. 221, 224, 388 A.2d 373, 375 (1978). The inspection by only two committee members was patently defective under the statute, and the remedy of reinstating the old assessment was mandatory. See *id.* See also *Devoid* v. *Town of Middlebury,* 134 Vt. 69, 71–72, 350 A.2d 349, 351 (1975).

The City raises an additional issue in regards to one of the appellees. It claims that it was improper for the Board of Appraisers to address the issue of the number of committee members inspecting the Hinsdale property because the appellee did not raise this issue until the hearing on his appeal. The gist of the City's complaint is that Hinsdale's notice of appeal did not provide adequate notice of this issue, and therefore violated 3 V.S.A. § 809(b)(4). That section is made applicable to tax appeals by 32 V.S.A. § 4466.

In 3 V.S.A. § 809(b)(4), the Administrative Procedure Act provides that a notice of a proceeding must include:

> a short and plain statement of the matters at issue. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter upon application a more definite and detailed statement shall be furnished.

Mr. Hinsdale's letter appealing the assessment did not claim error under 32 V.S.A. § 4404(c). We conclude that under the facts of this case the City had more than adequate notice of this issue.

The identical issue had been raised in a hearing in one of the other taxpayer's appeals immediately preceding Hinsdale's hearing. The City did not challenge the adequacy of the notice in that case. Nor does the City claim that more than two committee members inspected the Hinsdale property. The relevant facts in the Hinsdale appeal were therefore identical to the other two appeals, with the exception of the contents of his letter of appeal. Given these circumstances, the Town's claim of inadequate notice is meritless. Professor Schwartz succinctly summarized the controlling principles on this issue:

> The notice, as stated, must indicate the issues to be considered at the hearing. The hearing itself may, how-

ever, be broader in scope than the notice indicated. It does not follow that an agency decision which is based upon the broader issues raised at the hearing must be held invalid on the ground of inadequate notice. Certainly, the individual "ought not to be compelled to incur the expense of producing witnesses at a hearing to meet possible or imaginary charges. He is entitled to reasonable notice of the specific issues to be determined at the hearing." But the cases tend to hold that the individual is given actual notice of the new issues when evidence on them is introduced at the hearing. "Actuality of notice there must be, but the actuality, not the technicality, must govern."

B. Schwartz, Administrative Law § 97, at 276 (1976) (footnotes omitted). See also 3 K. Davis, Administrative Law Treatise § 14.11 (2d ed. 1980).

The actual notice given the City at the Hinsdale hearing was sufficient to afford it a fair opportunity to litigate his claim. Thus, we conclude that the Board of Appraisers properly reached this issue. As previously discussed, the Board's interpretation and application of 32 V.S.A. § 4404(c) was correct in all three appeals. Consequently, we affirm the Board's decision in each case.

*Affirmed.*