## Richard and Ardelle Villeneuve v. Town of Cambridge

[527 A.2d 659]

No. 85-351

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed March 13, 1987

*David C. Drew* and *Susan A. Davis*, Law Clerk (On the Brief), Lyndonville, for Plaintiffs-Appellants.

*Richard C. Sargent*, Morristown, for Defendant-Appellee.

**Gibson, J.** Plaintiffs appeal from a decision of the Vermont State Board of Appraisers setting the values of plaintiffs' properties (four separate parcels located in the Town of Cambridge) in the grand list for the 1984 tax year at the 1983 listed values pursuant to 32 V.S.A. § 4404(c). We affirm.

Effective April 1, 1984, the Town of Cambridge adopted a reappraisal of all properties within its borders. Pursuant to 32 V.S.A.

§ 4404, plaintiffs appealed the valuations placed on their four parcels by the town listers to the board of civil authority (BCA), which upheld the listers' decision. Plaintiffs thereupon appealed to the State Board of Appraisers (Board) in accordance with 32 V.S.A. § 4461(a).

At the hearing before the Board, plaintiffs presented evidence of the fair market value of the lands in question and of the value of comparable properties. The Town also submitted evidence as to fair market value and comparable values, plus evidence of the methods followed generally during the reappraisal.

During the course of the hearing, it was disclosed that only two members of the BCA had viewed the four parcels in question, whereas 32 V.S.A. § 4404(c) mandates that "[e]ach property . . . shall be inspected by a committee of not less than three members of the board . . . ." The statute further provides that if the BCA does not substantially comply with the requirements of the statute, the grand list for the property that is the subject of the appeal "shall remain at the amount set before the appealed change was made by the listers . . . ." In their appeal to this Court, however, plaintiffs seek a different remedy. They ask that the Board be required to determine the fair market value of the properties and establish the proper assessment on the basis of the evidence presented at the hearing.

This Court has previously upheld the invocation of the statutory remedy when the inspection provision has not been strictly adhered to. *City of Winooski* v. *Barnes*, 142 Vt. 27, 29-30, 451 A.2d 1140, 1141 (1982); see also *Punderson* v. *Town of Chittenden*, 136 Vt. 221, 224, 388 A.2d 373, 375 (1978) (valuations for prior tax year ordered to be set in grand list upon failure of board of civil authority to provide findings required by 32 V.S.A. § 4404(c)). There was no waiver of that remedy in this matter.

At the close of the proceedings, plaintiff Richard Villeneuve, who appeared pro se, asked to make a statement. The following colloquy occurred:

> *Villeneuve:*      I thought that you said that when we got done, before closing you would ask us if
> . . . .
>
> *Hodgdon:*      If you had a final statement? Would you like to give a final statement? It is all yours.

*Villeneuve:* The three members of the board of civil authority didn't inspect my land. So for that reason there, according to the statutes, my land should go back at the fair market value of 1983 . . . .

Although some additional discussion ensued before the hearing finally concluded, plaintiffs never withdrew their request that the Board impose the sanction of § 4404(c). After considering the matter, the Board complied with plaintiffs' request.

In light of the fact that plaintiffs raised the issue of the BCA's failure to follow the statutory inspection requirement and specifically requested the relief provided in 32 V.S.A. § 4404(c), we conclude that the Board properly imposed the sanction set forth in the statute. *Punderson*, 136 Vt. at 224, 388 A.2d at 375.

*Affirmed.*