## William Spears, Jr. and Kathleen Spears v. Town of Enosburg, Village of Enosburg Falls and Enosburg School District

[571 A.2d 604]

No. 88-327

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 27, 1989

Motion for Reargument Denied December 8, 1989

*Michael S. Gawne,* St. Albans, for Plaintiffs-Appellees.

*Jesse D. Bugbee* of *John Kissane Associates,* St. Albans, for Defendants-Appellants.

**Peck, J.** Defendant Town of Enosburg (Town) appeals the decision of the Franklin Superior Court for plaintiff-taxpayers William and Kathleen Spears. The taxpayers brought an action to recover taxes paid under protest in 1984, 1985, and 1986, and sought a declaratory judgment that their property should be listed on the Town's grand list at the amount set in 1983 until the property was reappraised. On cross motions for summary judgment, the court held for the plaintiffs. We reverse.

In 1983, plaintiffs' property was reappraised by the listers. The property, which had been listed at $5,150 in 1982, was reassessed at $137,700. The change reflected the construction of a funeral home on what formerly had been open farm land, and reappraisal at 100% valuation. The taxpayers appealed, ultimately reaching this Court.

In *Spears v. Town of Enosburg,* No. 84-473 (Vt. March 14, 1986) (unpublished), we held that the board of civil authority had not met the statutory standard of § 4404(c), because the board's findings of fact were inadequate to support its ultimate determination of value. *Id.* at 3. Accordingly, we remanded the case and held that plaintiffs were entitled to have the prior year's tax valuation continued for one year, as the § 4404(c) sanction provides.

On remand, the board applied the penalty for the 1983 tax year only. In 1984, 1985, and 1986, the listers did not reassess the property, nor did the taxpayers complain to the listers of the appraisal amount for those three years. Consequently, the appraisal was set at $137,700 in 1984, 1985, and 1986.

Plaintiffs sought a declaratory judgment that the penalty should apply to all of the succeeding years up to the time of this Court's decision. Plaintiffs argued that once the sanction is imposed, the appraisal listed in the grand list for the "sanction year" continues to be the appraisal for the succeeding years,

unless the listers follow proper reappraisal procedures and give the taxpayer notice of the change pursuant to 32 V.S.A. § 4111(e). The trial court agreed with the plaintiffs, and this appeal followed.

The principal issue on appeal is the interpretation of 32 V.S.A. § 4404(c), which provides in pertinent part that "[i]f the board does not carry out the requirements of this subsection, the grand list of the appellant for the year for which appeal is being made shall remain at the amount set before the appealed change was made by the listers." Specifically, the question before us is whether the statutory penalty which fixes the tax at the previous year's figure continues during the years that an appeal is pending in this Court.

Our primary aim in cases of statutory interpretation is to effectuate legislative intent. *In re Vitale*, 151 Vt. 580, 583, 563 A.2d 613, 615 (1989). Statutes are to be read reasonably, to further fair, rational results. *In re R.S. Audley, Inc.*, 151 Vt. 513, 517, 562 A.2d 1046, 1049 (1989). Previous cases construing 32 V.S.A. § 4404 note that the Court "'should not construe words to have a different meaning than their plain and ordinary one.'" *City of Winooski v. Barnes*, 142 Vt. 27, 29–30, 451 A.2d 1140, 1141 (1982) (quoting *Punderson v. Town of Chittenden*, 136 Vt. 221, 224, 388 A.2d 373, 375 (1978)).

We conclude that the language of § 4404(c) indicates that the legislature intended that the statutory penalty be effective for only one year, not for subsequent tax years. To decide otherwise would place an added burden on the other taxpayers of the town who may be forced to compensate for the plaintiffs' windfall. Nothing in the language of the statute shows any legislative intention to continue the rollback penalty for subsequent tax years. Our decisions in this area conform to this view. *Punderson* held that when a board of civil authority fails to follow statutory procedures, an aggrieved property owner is entitled to the "former tax valuation, for one year only." 136 Vt. at 226, 388 A.2d at 376. See *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 328, 503 A.2d 1138, 1141 (1985) (noting tax appeal statute's one year deterrent remedy); *Hojaboom v. Town of Swan-*

*ton,* 141 Vt. 43, 52, 442 A.2d 1301, 1306 (1982) (superior court correct in imposing sanction of former appraisal for one year).

■■ Statutory construction compels the Court to look beyond the language of a particular section, standing alone, to "the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." *Audley,* 151 Vt. at 517, 562 A.2d at 1049. The result urged by plaintiffs would allow them a recovery far beyond that contemplated in the statute. In interpreting tax statutes, we are obliged "to find, if possible under the law, some allowable mode of legalizing the collection of taxes justly due." *Re Montpelier & Barre R.R.,* 135 Vt. 102, 104, 369 A.2d 1379, 1381 (1977). Here, the plaintiffs argue that a commercial building on more than fifteen acres of land be taxed at the same rate as open farmland for three years beyond 1983. The statutory penalty cannot extend to such lengths.

The trial court noted that permitting the higher appraisal to become effective in subsequent tax years might operate as a disincentive to the board to comply with § 4404(c), since the board would know that even a procedurally defective appraisal would eventually become operative. In fact, the reappraisal became operative because of plaintiffs' inaction. The burden is on the taxpayer to challenge an unfavorable assessment in each tax year. 32 V.S.A. § 4404(a) states that a taxpayer must appeal by May 20th of the tax year for which the appeal is being taken. Plaintiffs failed to do so, in any of the three years at issue. The Town had no reason to reappraise the property and notify the taxpayers during the pendency of the appeal, since the listing was valid presumptively until the Court decided otherwise. See *Adams v. Town of West Haven,* 147 Vt. 618, 619, 523 A.2d 1244, 1245 (1987). Absent a timely challenge by the taxpayers, the appraisal of $137,700 for the tax years 1984, 1985, and 1986 must stand.

*Reversed.*