## Patrick Brennan, et al. v. Town of Colchester

[730 A.2d 601]

No. 98-219

Present: Amestoy, C.J., Morse, Johnson and Skoglund, JJ., and Cashman, D.J., Specially Assigned

Opinion Filed April 9, 1999

*John L. Franco, Jr.,* Burlington, for Plaintiffs-Appellees.

*Robert C. Roesler* of *Roesler, Whittlesey, Meekins & Amidon,* Burlington, for Defendant-Appellant.

**Amestoy, C.J.** Defendant Town of Colchester appeals the decision of the Chittenden Superior Court granting a preliminary injunction to reinstate plaintiffs Patrick Brennan and Gabriel Handy to their positions on the Colchester planning commission. The Town appeals a partial final judgment of the superior court, which held that the plaintiffs could only be removed from the commission for cause and were entitled to procedural due process, including notice of their proposed removal from the commission and a hearing. We hold that 24 V.S.A. § 4323(a) permits removal from the commission without cause and does not implicate procedural due process. Accordingly, we reverse.

The facts of this case are uncontested. Plaintiffs Patrick Brennan and Gabriel Handy were appointed to the Colchester planning

commission for terms of four years, which expire on June 30, 2001, and June 30, 2000, respectively. On February 3, 1998, the Colchester selectboard met and unanimously passed a motion to disband the planning commission for purposes of reorganization. The following day, the chair of the Colchester selectboard sent a letter to each member of the planning commission, including plaintiffs, stating that the commission had been disbanded, and that the former members could reapply for their positions.

Plaintiffs filed a complaint in the Chittenden Superior Court requesting declaratory and injunctive relief. They alleged that their removal from the planning commission was improper because the selectboard failed to notify them of the proposed removal and the cause therefor, and did not provide them a hearing on the matter. Plaintiffs also alleged that their dismissal was void because it exceeded the lawful authority of the selectboard. Finally, plaintiffs alleged that the selectboard's action violated their civil rights under 42 U.S.C. § 1983 by depriving them of due process.

Plaintiffs requested a temporary restraining order enjoining the selectboard from appointing replacements for their unexpired positions and mandating that plaintiffs be reseated. The court held that 24 V.S.A. § 4323(a) requires a municipal legislative body to show cause and provide procedural due process before removing members of a planning commission, and granted plaintiffs' motion for injunctive relief. Plaintiffs then moved for partial final judgment on Count I of their complaint, alleging the selectboard exceeded its authority under state law, and Count II, alleging violation of plaintiffs' civil rights. The court granted the motion on both counts and this appeal followed. We review de novo the superior court's holding that 24 V.S.A. § 4323(a) implies a right to procedural due process, including notice of a proposed removal and the bases therefor, and the right to a hearing.

The removal of members of a municipal planning commission is governed by the Vermont Planning and Development Act. See 24 V.S.A. §§ 4301-4496. The relevant subsection states in pertinent part:

> Members of a planning commission shall be appointed and any vacancy filled by the legislative body of a municipality. The term of each member shall be for four years . . . . Any member may be removed at any time by unanimous vote of the legislative body. Any appointment to fill a vacancy shall be for the unexpired term.

*Id.* § 4323(a).

In cases of statutory interpretation, our obligation is to effectuate the intent of the Legislature. See *Spears v. Town of Enosburg*, 153 Vt. 259, 261, 571 A.2d 604, 605 (1989). The first step in determining the legislative intent "is to look at the language of the statute itself," and to "presume the Legislature intended the plain, ordinary meaning of the language." *State v. O'Neill*, 165 Vt. 270, 275, 682 A.2d 943, 946 (1996). We will not read an implied condition into a statute "unless it is *necessary* in order to make the statute effective." *Id.* (emphasis in original).

Plaintiffs contend that the language of § 4323(a) does not expressly authorize removal of the commissioners at will. Rather, they assert that the phrase "at any time" is a temporal reference to the fact that a commission member may be removed at any point in time during his or her unexpired term. Absent statutory authorization for removal of the commissioners at will, plaintiffs assert that the commissioners — as municipal officers appointed for a specified term — may only be removed for cause. See *Rutter v. Burke*, 89 Vt. 14, 27, 93 A. 842, 848 (1915) (holding that officers appointed for a definite term may only be removed for cause, absent express statutory authorization for removal at will).

The principle of statutory construction advanced by the plaintiffs is applied only when the relevant statute is in fact silent on the authority to remove at will. In *State ex rel. Raslavsky v. Bonvouloir*, 355 A.2d 275 (Conn. 1974), where a town charter set the term of years and method for appointing officers but was "silent as to the power and method of removal," the court held that the authority to remove at will could not be implied and the officers could only be removed for cause after notice and hearing. See *id.* at 278. See also 4 E. McQuillin, The Law of Municipal Corporations § 12.232, at 377 (1992) (stating that officers "appointed for definite terms, are subject to removal for cause only," unless "the appointing power is authorized to remove at pleasure"); 67 C.J.S. *Officers* § 120a ("In the absence of provisions to the contrary, officers or employees appointed for a definite term . . . are removable for cause only . . . .").

In this case, plaintiffs confront a statute that is neither silent as to the power and method of removal, nor expressly requires cause. Section 4323(a) states that any planning commission "member may be removed *at any time* by unanimous vote of the legislative body." 24 V.S.A. § 4323(a) (emphasis added). This stands in contrast to *Rutter*,

where a city charter authorized the city council to remove appointees "for such causes of incapacity, negligence or bad conduct as to it shall seem sufficient." 89 Vt. at 17, 93 A. at 848. Plaintiffs construe the phrase "at any time" not as a reference to the removal authority, but merely as an expression that a commission member may be removed at any time during the term of office. We decline to adopt plaintiffs' statutory construction, as it is obvious that a commission member can only be removed while holding office. Plaintiffs' interpretation would render the phrase "at any time" surplusage. See *State v. Stevens*, 137 Vt. 473, 481-82, 408 A.2d 622, 627 (1979) (when possible, every word, clause, and sentence of a statute should be given effect, rather than treated as surplusage). We construe an unambiguous statute according to its terms and express meaning. See *Langle v. Kurkul*, 146 Vt. 513, 515, 510 A.2d 1301, 1302-03 (1986). By its terms, § 4323(a) provides a municipal legislature with the authority to remove commission members at will, qualified only by the requirement that the decision to remove be made by unanimous vote.

It is also apparent from other provisions in the Planning and Development Act, of which § 4323(a) is a part, that the Legislature understood and intended the distinction between granting a municipality the authority to remove a municipal officer at will and requiring the municipality to remove for cause. See *Galkin v. Town of Chester*, 168 Vt. 82, 87, 716 A.2d 25, 29 (1998) (explaining that specific sections of statutes are read in context and entire scheme read in pari materia). The Legislature expressly provided to board of adjustment and development review board members the statutory right to a showing of cause and an opportunity to be heard prior to removal. See 24 V.S.A. § 4461(b) (providing that members of either board "may be removed for cause by the legislative body upon written charges and after public hearing."). Finally, plaintiffs have overlooked the import of § 4323(c), which provides municipalities with the option of insulating planning commission members from removal at the will of local legislatures. See *id.* § 4323(c) ("As an alternative to appointment under subsection (a) of this section, municipalities may choose to elect planning commissioners for terms of one to four years. . . (4) Elected commissioners may *not* be removed by action of the legislative body.") (emphasis added). The Town of Colchester, having chosen to appoint planning commission members pursuant to § 4323(a), rather than to elect members pursuant to § 4323(c), is empowered to exercise the

statutory authority to remove planning commission members at any time, contingent only on a unanimous vote of the legislative body.

Plaintiffs also argue that if a town selectboard is permitted to remove commission members without cause, the threat of such removal would interfere with the impartial and independent exercise of their duties, some of which, plaintiffs contend, are quasi-judicial in nature. Even assuming that plaintiffs have accurately characterized their duties, the Legislature is not compelled to insulate planning commission members from removal by the appointing authority. We decline to impose additional requirements for removal where there is no indication that the Legislature intended such requirements and it is not necessary to effectuate the statute.

Plaintiffs next argue that the selectboard violated their procedural due process rights to notice and hearing when it removed them from the planning commission. They claim they were deprived of protected interests in serving out the duration of their terms of office. In order to determine whether procedural due process requirements apply, we first consider the nature of the claimed interest to determine if it is within the scope of the Fourteenth Amendment's protection of liberty and property. See *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). Property interests are not created by the Constitution, but rather are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577. A property interest arises when a person has a "legitimate claim of entitlement" to a governmental benefit, rather than a "unilateral expectation." *Id.* A legitimate claim of entitlement to government employment may arise where an implied agreement or policy exists. See *Perry v. Sindermann*, 408 U.S. 593, 602-03 (1972) (recognizing that de facto tenure process at state school may create protectable property interest in employment).

Plaintiffs fail to satisfy the threshold criterion of showing a legitimate claim of entitlement to the planning commission position. Nothing in the language of the Act grants planning commission members a right or entitlement to their positions on the board. On the contrary, § 4323(a) states that planning commissioners may be removed "at any time." Plaintiffs, however, have shown no more than a "unilateral expectation" that they would serve out their entire terms. Such an expectation, without more, does· not rise to a

protectable property interest. See *Roth*, 408 U.S. at 577 ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.").

*Reversed.*