NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 5

No. 25-AP-244

| | |
|---|---|
| John Echeverria and Carin Pratt | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orange Unit, |
| | Civil Division |
| | |
| Town of Tunbridge | October Term, 2025 |

H. Dickson Corbett, J.

Geoffrey J. Vitt of Vitt & Nunan, PLC, Norwich, for Plaintiffs-Appellants.

Stephen F. Coteus and Michael J. Tarrant II of Tarrant, Gillies & Shems, LLP, Montpelier, for
  Defendant-Appellee.

John Kail Romanoff, Municipal Assistance Center, Montpelier, for Amicus Curiae Vermont
  League of Cities and Towns.

Benjamin T. Brickner, Selectboard Chair, North Pomfret, for Amicus Curiae Town of Pomfret.

Charity R. Clark, Attorney General, and Jonathan Rose, Solicitor General, Montpelier, for
  Amicus Curiae State of Vermont.


PRESENT:  Reiber, C.J., Eaton, Cohen and Waples, JJ., and Shafritz, Supr. J.,
          Specially Assigned


¶ 1.    **COHEN, J.**    Landowners appeal a superior court decision concluding that the Town of Tunbridge has authority to maintain and repair public trails that cross private property. On appeal, landowners argue that the relevant statutes do not empower the Town with this authority.  We conclude that because the Town trails are public rights-of-way under the controlling

statute, the Town has authority to maintain them to ensure the public's access to the trails for the purpose intended. Therefore, we affirm.

¶ 2. The following facts were undisputed for purposes of summary judgment. Landowners, John Echeverria and Carin Pratt, own a historic hill farm known as Dodge Farm that includes land in the towns of Tunbridge and Strafford. There are two public trails that cross the property within the Town of Tunbridge. The trails were created in 1987, and the Town has not historically actively maintained the trails. After purchasing the land over a decade ago, landowners maintained the trails for hiking.

¶ 3. Bicycle enthusiasts sought permission from the Town to use bicycles on the trails, and a Town discussion ensued over the appropriate use for the trails. Landowners opposed bicycle use and expressed disapproval by ceasing to maintain the trails and allowing them to become overgrown, so they were not suitable for biking. In 2022, the Town adopted procedures for private individuals to apply for and receive permission to maintain and repair the trails on the Town's behalf.

¶ 4. Landowners filed suit, seeking a declaration that the Town lacked authority to perform maintenance or conduct repairs on the public trails. The civil division initially granted the Town's motion to dismiss, concluding that the issue was not ripe because landowners had not alleged that anyone had applied for or received permission to perform maintenance on the trails. On appeal, this Court reversed, holding that landowners' allegations demonstrated "a sufficiently concrete threat of physical invasion and interference with [landowners'] asserted right to control who enters or alters their property." Echeverria v. Town of Tunbridge, 2024 VT 47, ¶ 19, 219 Vt. 585, 325 A.3d 98.

¶ 5. On remand, the parties cross-moved for summary judgment. The civil division examined the language and history of the statutory provisions in Title 19 related to the establishment and maintenance of town highways and trails. The court noted that historically trails

2

were subsumed in the definition of town highways, and under both the statutes and the common law, these were public easements that towns had authority to maintain to ensure public access. The court recounted that a recodification of the highway statutes in 1986 removed "trail" from the definition of "highway" and provided a separate definition of "trail." The court rejected landowners' argument that this change implicitly divested towns of the authority to maintain trails because "[t]he whole point of a public easement is to enable the public to travel over the easement," and if the towns were unable to maintain an easement, then access could be effectively vetoed by the landowner. The court therefore declined to make the negative inference asserted by landowners. The court concluded that towns have authority to lay out and control their public trails through maintenance and repair. Although this was not explicit in the statute, it was consistent with past practice throughout the state and the general law regarding use of easements. Therefore, the court granted judgment in the Town's favor. Landowners appeal.

¶ 6.     On appeal, landowners argue that the civil division erred in its interpretation of the relevant statutes. They contend that the 1986 amendments to Title 19 effectively removed the authorization for towns to maintain and repair legal trails over private land. On appeal from a summary-judgment decision, this Court applies the same standard as the civil division. Bartlett v. Roberts, 2020 VT 24, ¶ 9, 212 Vt. 50, 231 A.3d 171. "Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id.; see V.R.C.P. 56(a) (providing standard for evaluating summary-judgment motion).

¶ 7.     "In cases of statutory interpretation, our obligation is to effectuate the intent of the Legislature." Brennan v. Town of Colchester, 169 Vt. 175, 177, 730 A.2d 601, 603 (1999). To do this, we look first to the language of the statute itself and "presume the Legislature intended the plain, ordinary meaning of the language." Id. (quotation omitted).

¶ 8.     Landowners argue that towns lack the power to maintain and repair trails across private property because there is no explicit grant of authority in the relevant statutory provisions. See City of Montpelier v. Barnett, 2012 VT 32, ¶ 20, 191 Vt. 441, 49 A.3d 120 (noting that "the power of the municipality is limited to what has been granted by the state"). Landowners concede that towns previously had this authority but contend that when the Legislature recodified Title 19 in 1986, it removed towns' authority over trail maintenance.

¶ 9.     To understand this argument, some background on the development of the law surrounding roads and trails in Vermont is necessary. Vermont first introduced its system of highway classification in 1973 to better explain the funding for and obligations regarding maintenance of town roads. 1973, No. 63, § 17; see Town of Calais v. Cnty. Rd. Comm'rs, 173 Vt. 620, 622, 795 A.2d 1267, 1269-70 (2002) (mem.) (explaining that prior to road-classification system introduced in 1973, "the responsibility of towns to maintain and repair their local highways was broad and undifferentiated"). That system required the town selectboard to ensure that Class 1, 2, and 3 roads were kept "in good and sufficient repair at all seasons of the year." 1973, No. 63, § 20 (amending 19 V.S.A. § 931, which was moved to 19 V.S.A. § 310 in 1986); see also 19 V.S.A. § 302(a)(1)-(3) (defining class 1, 2, and 3 town highways). Under the 1973 scheme, trails were included in the definition of Class 4 town highways, and Class 4 highways were to "be maintained to the extent required by the necessity of the town, the public good, and the convenience of the inhabitants."[1] 1973, No. 63, § 1 (including "rights of way" in definition of highways); id. § 5 (defining Class 4 town highways to include "trails and pent roads"); id. § 20 (providing for town maintenance of highways and bridges). This provision distinguished the permissive maintenance of trails and Class 4 roads from the required maintenance of other roads.

---

[1] In 1921, the Legislature defined trails as highways. 1921, No. 121, § 1. This notion was carried forward in subsequent amendments.

A separate statutory provision predated the 1973 amendments and provided that towns were "not liable for the maintenance of a trail."[2] See Perrin v. Town of Berlin, 138 Vt. 306, 307, 415 A.2d 221, 222 (1980) (recognizing that under statute in effect at that time, 19 V.S.A. § 293, town was "not liable for the maintenance of a trail"). Therefore, prior to 1986, trails, like Class 4 roads, were public rights-of-way that towns could, but were not required to, maintain.

¶ 10. In 1986, the Legislature recodified all of Title 19, including the provisions on highways. That recodification added a definition of "trail" in new § 301. 1985, No. 269 (Adj. Sess.), § 1. Because of the new definition, trails were removed from the definition of Class 4 highways, and the statute provided: "Trails shall not be considered highways and the town shall not be responsible for any maintenance, including culverts and bridges." 19 V.S.A. § 302(a)(5).

¶ 11. Landowners argue that by removing trails from the definition of highways, the Legislature fundamentally precluded towns from exercising control over or maintaining trails. They point to the fact that the statutes confer "general supervision and control" and the responsibility for maintenance and management over town "highways," but not trails. Id. § 303; id. § 304(a)(1), (3) (delineating that town has duty and responsibility to maintain highways and purchase materials for such maintenance). Landowners describe this as a deliberate change in the scope of towns' authority.

¶ 12. Because the statutory language is central to our analysis, we begin with several provisions of the statutory chapter on "Town Highways," which include the statutes related to town trails. The current[3] statutory definition of trail is:

> a public right-of-way that is not a highway and that:

---

[2] This exception from liability was first enacted in 1921. 1921, No. 121, § 4.

[3] The Legislature recently amended the statute to explicitly provide that towns "have the authority to exclusively or cooperatively maintain" trails. 2025, No. 66, § 45 (eff. April 1, 2026). Because this statute is not yet effective, the civil division concluded that there continued to be live controversy between the parties. Neither side has challenged that conclusion on appeal.

> (A) previously was a designated town highway having the same width as the designated town highway, or a lesser width if so designated; or

> (B) a new public right-of-way laid out as a trail by the selectmen for the purpose of providing access to abutting properties or for recreational use. Nothing in this section shall be deemed to independently authorize the condemnation of land for recreational purposes or to affect the authority of selectmen to reasonably regulate the uses of recreational trails.

Id. § 301(8). The statutes also confer on the town selectboard "the duty and responsibility" to "make regulations governing the use of pent roads and trails." Id. § 304(a), (a)(5). Finally, the statutes make clear that towns are not "liable for construction, maintenance, repair, or safety of trails." Id. § 310(c).

¶ 13. Considering these provisions together, we conclude that the Legislature has conferred on towns the authority to maintain and repair public trails across private land. This conclusion flows foremost from the use of the term "public right-of-way" in the definition of trail. See Town of Calais, 173 Vt. at 621, 795 A.2d at 1268 ("We rely on the plain meaning of the words in a statute because we presume they reflect the Legislature's intent."). Under the common law, a "right-of-way" is a type of easement that provides the benefitted party with "the right to use or control the land, or an area above or below it, for a specific limited purpose (such as to cross it for access to a public road)." Easement, Black's Law Dictionary (12th ed. 2024). The character and scope of an easement is drawn from "the circumstances existing at the time of execution, and the object and purpose to be accomplished by the easement." Barrett v. Kunz, 158 Vt. 15, 18, 604 A.2d 1278, 1280 (1992). Under the common law, as reflected in the Restatement,[4] the holder of an easement "is entitled to make any use of the servient estate that is reasonable for enjoyment of

---

[4] This Court has looked to the Restatement of Property: Servitudes in the past regarding the law on the maintenance of easements. See, e.g., Khan v. Alpine Haven Prop. Owners' Ass'n, 2020 VT 90, ¶ 40, 213 Vt. 453, 245 A.3d 1234 (citing Restatement § 4.13 regarding calculation of contribution due for maintenance of easement).

6

the servitude, including the right to construct, improve, repair, and maintain improvements that are reasonably necessary." Restatement (Third) of Prop.: Servitudes § 4.13 (2000) (explaining that principle is "consistent with generally accepted authority" and citing legal treatises).

¶ 14. A public right-of-way functions in much the same way, providing "[t]he right of passage held by the public in general to travel on roads, freeways, and other thoroughfares." Right-of-Way, Black's Law Dictionary (12th ed. 2024). To ascertain the scope of the public's right, we look to the purpose of public trails, which is to provide "access to abutting properties or for recreational use." 19 V.S.A. § 301(8)(B). Therefore, under the common law, towns can repair and maintain those trails to the extent necessary to ensure those uses. As the trial court noted, it would defeat the purpose of a public easement if towns lacked authority to maintain or repair trails because a landowner could control the public's use of the easement by refusing to conduct any repair or maintenance. This reading of the statute would essentially make the system of public trails ineffective and superfluous. See Ran-Mar, Inc. v. Town of Berlin, 2006 VT 117, ¶ 5, 181 Vt. 26, 912 A.2d 984 (explaining that Court avoids statutory "construction that would render the legislation ineffective or irrational" (quotation omitted)).

¶ 15. Moreover, other statutory provisions concerning trails support the conclusion that towns retain authority to maintain their trails. The statute allows towns to regulate how trails are used. See 19 V.S.A. § 304(a)(5) (providing towns with authority to "make regulations governing the use of pent roads and trails". It would not make sense for a town to be able to regulate the use of a trail but not have the power to conduct the maintenance and repair required to support those uses. Moreover, the statute continues to exempt towns from liability related to maintenance and repair. Id. § 310(c). If towns were precluded from maintaining or repairing trails, there would be no purpose in releasing towns from liability for failure to do so.

¶ 16. Landowners' assertion that the 1986 amendments to the statute implicitly removed authority from the towns to maintain public trails is not supported by the language of those

7

amendments. As this Court has previously recognized, those amendments were intended to clean up Title 19 and not to alter the substance of its provisions. See Sagar v. Warren Selectboard, 170 Vt. 167, 176, 744 A.2d 422, 429 (1999) (explaining that "the purpose of Act 269 was not to 'attempt to change any of Title 19' but rather to 'clean it up' and to 'recodify it' " (quoting Hearings on Review of Title 19 before the Senate Highways and Traffic Committee, Sept. 19, 1985, at 3 (testimony of Robert Schwartz))). Although the amendments removed "trail" from the definition of "highway," the statute continued to define trails as rights-of-way—a legally significant term. If the Legislature had intended to alter the common-law meaning of right-of-way and the existing long-standing authority to maintain trails to such a degree, it would have done so explicitly. See State v. Richards, 2021 VT 40, ¶ 14, 215 Vt. 1, 256 A.3d 94 (explaining that statute overturns common law only in narrow circumstances and must use "clear and unambiguous language" (quotation omitted)).

¶ 17. Landowners suggest that the purpose of removing trails from the definition of highways was to save money by eliminating town authority over trail maintenance. This construction of the statutory amendment does not make logical sense given that towns had no financial obligations regarding trail maintenance even before the 1986 amendments. Moreover, the exemption from liability for trail maintenance remained unchanged in the 1986 recodification.

¶ 18. We are not persuaded by landowners' argument regarding Dillon's Rule, which provides that "a municipality has only those powers and functions specifically authorized by the legislature, and such additional functions as may be incident, subordinate or necessary to the exercise thereof." Hinesburg Sand & Gravel Co. v. Town of Hinesburg, 135 Vt. 484, 486, 380 A.2d 64, 66 (1977). This situation is distinguishable from the cases landowners cite where this Court recognized limits on the powers and functions of municipalities because the action was outside the statutorily granted authority. See, e.g., In re Ball Mountain Dam Hydroelectric Project, 154 Vt. 189, 192-93, 576 A.2d 124, 126 (1990) (explaining that statute did not allow municipality

8

to generate and sell power to customers outside borders). In contrast, here, the statutes do not limit town authority over trail maintenance. In fact, Dillon's Rule supports the conclusion that towns have authority to maintain trails because maintenance is incident to and implied by their statutory authority to define the uses for these public rights-of-way. See Vt. N. Props. v. Vill. of Derby Ctr., 2014 VT 73, ¶ 54, 197 Vt. 130, 102 A.3d 1084 (concluding that statutory authorization for village to set rates for water usage and charge for unused reserved allocations implied right "to enforce the fees by revoking the reservation for nonpayment").

¶ 19. The civil division also relied on the fact that real-life experience in Vermont demonstrates widespread consensus and long-standing practice of towns maintaining and repairing their public trails. On appeal, landowners challenge this observation and reliance. We do not reach these arguments because our holding rests on the language of the statutes without the need to examine contemporaneous practice.

Affirmed.

FOR THE COURT:

_____

Associate Justice