NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 1

No. 2015-131

| | |
|---|---|
| Lauritz Rasmussen | Supreme Court |
| v. | On Appeal from<br>Property Valuation and Review Division |
| Town of Fair Haven | December Term, 2015 |

Michael Bernhardt, Hearing Officer

Lauritz Rasmussen, Pro Se, Fair Haven, Plaintiff-Appellant.

William J. Bloomer of Bloomer & Bloomer, P.C., Rutland, for Defendant-Appellee.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.     **EATON, J.**  Taxpayer appeals pro se from the Town of Fair Haven's assessment of his property for the 2014 grand list. We affirm.

¶ 2.     Taxpayer owns real property in the Town of Fair Haven. The property consists of three separately deeded contiguous parcels. There is a main house on one parcel and a rental house on each of the two additional parcels. The town considers the property as one 7.58 acre parcel. See 32 V.S.A. § 4152(a)(3) (defining "parcel" as "all contiguous land in the same ownership, together with all improvements thereon"). The town has assigned a grade of 1 to a 2 acre house site, and a grade of .60 to 5.58 acres of excess land.

¶ 3.     In 2014, the town listers assessed the value of the parcel at $585,800. Taxpayer appealed to the Board of Civil Authority (BCA). Taxpayer would not allow the BCA members

to inspect the main house, however, and the BCA therefore considered the appeal withdrawn. See id. § 4404(c) (stating that if appellant refuses to allow inspection of his property, appeal is deemed withdrawn). Taxpayer appealed this decision to the Director of the Property Valuation and Review Division, who assigned the case to a Property Tax Hearing Officer.

¶ 4.    At the hearing, taxpayer argued that that the BCA erred in considering his appeal withdrawn. He stated that he had appealed only a portion of the listers' valuation to the BCA—the value of the improvements concerning two rental properties and not the main house on a separate lot—and therefore he was not obligated to allow the BCA to inspect the main house. The town responded that because the properties were contiguous and in common ownership, by statute, all of the property was treated as one parcel for purposes of assessment and the grand list. The town indicated that this approach allowed all of the land to be included in the homestead and to be assessed at the resident rate.  See "Homestead," Code of Vt. Rules 10 060 038, http://www.lexisnexis.com/hottopics/codeofvtrules/ (explaining that term "parcel" is defined by statute as "all contiguous land in the same ownership, together with all improvements thereon," and there is no acreage limitation on a homestead; accordingly, even if there are buildings or improvements on land contiguous to the homestead that are not homestead property, the land is part of the homestead and will be taxed at the homestead tax rate).

¶ 5.    In a written order, the hearing officer concluded that the BCA had correctly dismissed taxpayer's appeal, and that there was no avenue for further appeal to the hearing officer.  As he explained, the law requires that:

> Each property, the appraisal of which is being appealed, shall be inspected by a committee of not less than three members of the board [of civil authority] who shall report to the board within 30 days from the hearing on the appeal and before the final decision pertaining to the property is given.  If, after notice, the appellant refuses to allow an inspection of the property as required under this subsection, including the interior and exterior of any structure on the property, the appeal shall be deemed withdrawn.

32 V.S.A. § 4404(c).

¶ 6.    The hearing officer reasoned that while the statute did not set forth precisely what an inspection entailed, the statute's purpose and plain meaning implied that an inspection must involve a careful examination of the "property," which necessarily must include an inspection of any dwelling.  Taxpayer denied access to the property's main house, asserting that his appeal was limited to improvements on other parts of his property.  The hearing officer found that the references in the statute and case law clearly referred to "property" and thus, in order for the BCA to meet its statutory requirement, it correctly required inspection of the main house to determine the property's overall fair market value.  The hearing officer thus held that the BCA correctly dismissed taxpayer's appeal.  The Director approved the hearing officer's order in February 2015, and this appeal followed.

¶ 7.    On appeal, taxpayer reiterates his position that his contiguous lots should be assessed separately and that he is entitled to grieve a portion of his property assessment and refuse inspection of the remaining portion.  He argues that there is a difference between the term "parcel" and "property," and that the only "property" involved here was two lots that were subject to a separate deed from the main house.  Taxpayer maintains that he has the right to decline an unreasonable search and that he could not waive a third party's right to decline an unreasonable search.  Taxpayer also contends that, without notice or warning to him, the hearing focused on a "technical issue"—whether the BCA properly deemed his appeal withdrawn— rather than on evidence concerning the proper assessment of his property.  Finally, taxpayer suggests that the hearing officer coached and assisted the town representative during the hearing, and that the hearing officer should have considered materials that he submitted following the hearing by email.

¶ 8.    As discussed below, we find no basis to disturb the hearing officer's decision. See Garbitelli v. Town of Brookfield, 2009 VT 109, ¶ 5, 186 Vt. 648, 987 A.2d 327 (mem.)

3

(providing that on appeal to this Court, factfinder's decision "will be deemed presumptively correct," and findings are conclusive if supported by evidence (citation omitted)).

¶ 9.     We begin with the process by which the town compiles its grand list.  Under the law, the town listers must gather information and "make such personal examination of the property which they are required to appraise as will enable them to appraise it at its fair market value."  32 V.S.A. § 4041.  The listers must assess the value of certain personal property as well as real property.  See id. § 4152(a)(1).  With respect to real property, the grand list must include "[a] brief description of each parcel of taxable real estate in the town," and the "listed valuation of each parcel."  Id. § 4152(a)(3), (5).  The term "parcel" is defined as "all contiguous land in the same ownership, together with all improvements thereon."  Id. § 4152(a)(3).[*]  It is evident that the term "property" is broader than the term "parcel," and it includes real and personal property subject to assessment and taxation.  As set forth above, a "parcel" is a unit of real property for assessment purposes.  By statute, a parcel is to be listed in the grand list and not its component parts.  Id. § 4152(5).

¶ 10.    A property tax assessment is based upon a property's fair market value, id. § 3481(1), and "[t]he fair market value of property is, in turn, based on the highest and best use of the property."  Zurn v. City of St. Albans, 2009 VT 85, ¶ 8, 186 Vt. 575, 980 A.2d 795 (mem.) (citation omitted).  The valuation of a parcel at its highest and best use may consist of distinct

_____

[*] The Legislature added this statutory definition in 1996, thereby abrogating our earlier decisions that addressed when property should be assessed as a single parcel for tax purposes. See, e.g., Neun v. Town of Roxbury, 150 Vt. 242, 243-44, 552 A.2d 408, 410 (1988) (noting absence of statutory definition of "separate piece or parcel" of taxable real estate for purposes of compiling grand list, and identifying factors to guide assessors in determining if parcels of land should be assessed separately or together, and noting that fact that parcels were acquired in separate conveyances does not require that they be assessed as separate parcels if they currently form a single tract).

Taxpayer appears to argue that the statute defining "parcel" is unconstitutional.  This argument was not raised below, and therefore we do not address it.  See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) (stating that arguments that are not presented to factfinder are not preserved for appeal).

4

valuations of actual or potential lots within the parcel. See, e.g., Lathrop v. Town of Monkton, 2014 VT 9, ¶ 14, 195 Vt. 564, 91 A.3d 378 (upholding town's valuation of undeveloped parcel for which taxpayer had obtained subdivision permit where valuation was based on assumption of multiple house sites within undeveloped parcel); Hoiska v. Town of E. Montpelier, 2014 VT 80, ¶ 7, 197 Vt. 196, 101 A.3d 890 ("Even where land is not subdivided, it may be appraised based on its development value as long as the valuation method is supported by credible evidence."). However, the applicable rules require the assessment of a taxpayer's entire property for purposes of the grand list. See Div. of Property Valuation & Review, § (32)4467-1, Code of Vt. Rules 10 061 001 (requiring valuation of entire property). The rules specifically provide that the state appraiser "shall review the listed valuation of an entire contiguous parcel of land together with all buildings and fixtures thereon," and that "[t]he erroneous valuation of a portion of the property by the board of civil authority or listers shall not be disturbed where the listed value of the property as a whole is correct." Id. (emphasis added). Only after reviewing the entire parcel can the BCA or the state appraiser determine if it should be valued as a single lot, or whether it should be valued in some other way. Under the statute, the valuation subject to appeal is that of the parcel as a whole, not individual constituent parts. See 32 V.S.A. § 4404(a).

¶ 11. This, of course, presumes that the members of the BCA are able to determine, in the first instance, the listed value of the property as a whole. When a taxpayer appeals the listers' decision to the BCA, the law requires that "[e]ach property, the appraisal of which is being appealed, shall be inspected" by at least three BCA members. Id. § 4404(c). Nothing in the statute supports taxpayer's argument that the term "property" is based on deeds filed at the town clerk's office; this approach is inconsistent with the statutory scheme. The use of the term "property" here plainly refers to a "parcel" because "parcels," and not their component parts, are what must be included in the grand list. The appraisal at issue is the appraisal of the parcel as a whole because, again, this is what is reflected in the grand list. Nothing in the statute allows a

5

taxpayer to single out a particular component of his parcel and appeal only the valuation of that component.

¶ 12.   If a taxpayer refuses to allow an inspection of his or her property, the appeal is deemed withdrawn.  Id.  This is because an inspection is a critical component of an assessment. As we have explained:

> At the BCA appeal stage, the BCA acts as a "statutory factfinder which takes into consideration the view taken by a subcommittee along with all of the other evidence before it," including evidence derived from an inspection of the property in question.  Devoid v. Town of Middlebury, 134 Vt. 69, 72, 350 A.2d. 349, 351 (1975). Though § 4404(c) does not set forth precisely what the inspection entails, the plain meaning of the statutory language, together with the purpose of the statute, imply that an inspection entails a careful examination of the property, which would necessarily have to include an inspection of the interior of any dwelling.  See id. at 72, 350 A.2d at 352 (incorporating a definition of "inspect" as "to view and examine officially") (quotation omitted).

Garbitelli, 2009 VT 109, ¶ 9.   We reject taxpayer's suggestion that an inspection of property by the listers, BCA, or hearing officer, is an "unreasonable search."  See State v. Schofner, 174 Vt. 430, 434, 800 A.2d 1072, 1076 (2002) (mem.) (rejecting argument that listers, who were inspecting property for property tax assessment, engaged in "search" subject to Fourth Amendment).  Obviously, a taxpayer can refuse to allow an inspection; the consequence is that the taxpayer will be unable to challenge the assessment of his or her property.  See, e.g., Garbitelli, 2009 VT 109, ¶ 10 (recognizing that in absence of adequate inspection, there is simply no way taxpayer can present evidence needed to extinguish presumption that challenged appraisal is valid).

¶ 13.   Because the statute makes taxpayer's lands one parcel for tax purposes, taxpayer was obligated to make any lands comprising the parcel available for inspection.  Taxpayer refused to allow a complete inspection of the properties comprising his single parcel, including an "inspection of the interior of any dwelling," and the appeal was properly considered

6

withdrawn. As the appeal was withdrawn at the BCA level, the BCA made no findings as to the appropriate valuation, and the hearing officer had no jurisdiction to consider de novo the appraised value of the property. We note that taxpayer indicated at the hearing that he would refuse to allow the hearing officer to inspect his home. This refusal, as in Garbitelli, 2009 VT 109, ¶¶ 10-11, would lead to the same result reached here: an affirmance of the listers' assessment of his property. The hearing officer properly upheld the BCA's decision that taxpayer's appeal was withdrawn.

¶ 14. Finally, we find no irregularities in the proceedings below. We reject taxpayer's assertion that he was blindsided when the hearing officer focused on his refusal to allow the inspection of his property and affirmed the action taken by the BCA. The BCA had deemed taxpayer's appeal withdrawn, and it was this decision that taxpayer appealed. We note that taxpayer raised this issue in his notice of appeal, arguing that the BCA violated his due process rights by deeming the appeal withdrawn because the BCA had improperly tried to expand its inspection to include the main house. In any event, the scope of the appeal was not limited to the issues identified by taxpayer in his notice of appeal, and the town did not need to file an objection to the appeal under 32 V.S.A. § 4463 to enable the hearing officer to consider if he had authority to consider the appraised value of the property de novo. See City of Barre v. Town of Orange, 138 Vt. 484, 486, 417 A.2d 939, 940 (1980) (recognizing that scope of appeals not limited by notice of appeal, and Court is particularly reluctant to limit scope of inquiry in tax appeals, where review is de novo).

¶ 15. In a proper appeal, the BCA issues a decision on the merits, which is presumed valid in an appeal to the hearing officer, with the burden on the taxpayer to overcome the presumption of validity. Garbitelli, 2009 VT 109, ¶ 10. Here, due to taxpayer's refusal to allow an inspection, the BCA could not and did not make any findings or ruling on the merits. The only decision on appeal is the BCA's determination that taxpayer had withdrawn his appeal from

7

the listers' appraised value by refusing to allow the inspection. It would be inconsistent with the statutory scheme and with our case law to allow a de novo hearing on the appraised value of taxpayer's property in the absence of any ruling on the merits from the BCA.

¶ 16. The entire focus of the hearing, moreover, was whether the BCA correctly concluded that the appeal was withdrawn, and taxpayer made no objection that he lacked proper notice that this issue would be discussed, nor did he assert that he needed additional time to present arguments on this point. In fact, taxpayer clearly stated his position below. He believes that he is entitled to allow an inspection of only a portion of his property. We have rejected that position above as inconsistent with the law. The hearing officer did not err in declining to consider additional materials that taxpayer submitted by email after the close of the hearing. Even if these materials had been considered, they would not change the result. Lastly, the record does not support taxpayer's suggestion that the hearing officer assisted the town's representative to the detriment of taxpayer. We have considered all of taxpayer's arguments and find them all without merit.

Affirmed.

FOR THE COURT:

_____

Associate Justice

8