*Laverack et al. v. Town of Landgrove*, No. 285-8-14 Bncv (Valente, J., March 28, 2016).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 285-8-14 Bncv |

| | |
|---|---|
| Elizabeth Laverack,<br>William Laverack,<br>Cordelia R. Laverack,<br>William Laverack,<br>Cordelia Laverack,<br>　　　Plaintiffs<br><br>　　　v.<br><br>Town of Landgrove, Vermont,<br>　　　Defendant | FINDINGS, CONCLUSIONS, AND<br>JUDGMENT |

This property tax appeal came before the court for a final hearing over the course of two days January 20, 2016, and February 10, 2016. A site visit was taken prior to the hearing on January 20, 2016. Appellants were represented by Attorney Karen McAndrew. Appellee, Town of Landgrove ("Town"), was represented by Attorney Robert Woolmington.

The Town stipulated that Appellants had produced sufficient evidence to overcome the presumption of validity of its valuation of the property. The court proceeded to take evidence from the parties. Following the hearing, the attorneys filed amended proposed findings of fact and memoranda of law on February 26, 2016.

The Appellant challenges the Town's position of the fair market value of the property at 54 Ridge Road in the Town of Landgrove, Vermont as of April 1, 2014. The values advocated by each party correspond to that party's position on fair market value.

## Procedural History

The procedural history of this matter is as follows:

Following a town-wide reappraisal in in 2014, the property was reappraised at a fair market value of $3,228,700.00.

On June 22, 2014, the appraisal was revised to $2,907,400.00.

On July 22, 2014, following an appeal to the Board of Civil Authority, the Lister's revised appraisal was affirmed and the fair market value of the property as of April 1, 2014, was determined to be $2,907,400.00.

This appeal resulted from that decision.

**Findings of Fact**

The court makes the following findings of fact based on a preponderance of the evidence.

The property which is the subject of this dispute is located in the Town of Landgrove. This area of Vermont is characterized by large estate-type properties. The minimum lot size is five acres. The Town has many residences that are used as vacation homes. Landgrove is located in close proximity to ski areas, hiking trails, golf courses and other recreational activities. It is close to cultural points of interest, restaurants, and shops, and yet it maintains a rural landscape and relative seclusion.

The property at issue consists of 34 acres which is bisected by Ridge Road, a town road. The property on the east side of the road has a house described as "the main house," three outbuildings and open land containing gardens, fenced pastures, a pond, a swimming pool (which has been filled in or is otherwise not in use) and local views. The property on the west side of the road has a converted barn described as "the guest house" and is sloping wooded land with views to the south and west. These views on the west side of Ridge Road were not present as of April 1, 2014.

William "Bill" Laverack, one of the Appellants in this case, testified on their behalf. In 2011, Mr. Laverack's father-in-law gifted the property to Mr. Laverack and his wife. Mr. Laverack's father-in-law had owned the property for over 30 years at the time of the transfer. When Mr. Laverack's father-in-law purchased the property it included the land on both sides of the road. This had been one property for a "very, very long time."

Bill Laverack and his wife later transferred the property to the Laverack Family Trust, the current owner of the property. Mr. Laverack is the investment manager for the trust. He is responsible for the upkeep of the property. He and his family regularly use the guest house on the west side of the road.

The Laveracks have used the property as a family compound for many years. When Mr. Laverack's mother-in-law passed away, this property became "the center of gravity for the whole family." It was his father-in-law's most precious asset. There is no intention to sell or subdivide the property and the family intends to keep the property as one parcel because "this is a special piece of land." It is a beautiful setting with historic significance as one of the founders of the town of Landgrove lived on the property at one time. Mr. Laverack has been coming to this property for over 30 years. He is acquainted with the area and knows this is a special place.[1]

The property is expensive to operate and maintain. Crossing Ridge Road can be a safety issue as the homes are not far off the road and cars sometimes travel at high rates of speed on the road.

---

[1] Mr. Laverack also testified, over the Town's objection, that the property is not worth more than $1,800,000.00. While the court concluded Mr. Laverack was competent to give an opinion on value, the court does not find sufficient facts for his opinion on the value of the property to be as credible as either expert in this matter and therefore accords that testimony no weight.

The house on the east side of the road has a main section that has not been renovated in 50 years. The windows are old and there are many inefficiencies. The middle part of that house has been renovated and updated over the years. The wing with the master bedroom was built in the 1970's and has structural deficiencies. The house on the west side of Ridge Road was originally a barn. It has been converted into living quarters with a modern kitchen, a great room, a number of bedrooms and other amenities.

Since April 2014, a number of improvements have been made to the property. On the east side of the property the house and the outbuildings have been painted. Repairs have been made. Shutters have been added. Broken fence lines have been cleared and trees have been cut back to the rock wall. On the west side of the property, trees have been cleared to allow for longer range views. The southerly view of Stratton Mountain, which was not visible prior to April, 2014, is now visible. Trees were taken down to allow for a view of Bromley Mountain to the west. These views did not exist prior to the work done in the summer of 2014. New stone walls were erected. Mr. Laverack extended the utility lines underground up the road to the house on the west side. He then ran underground power lines from the west side of the property to the east side of the property. If the property were ever to be subdivided there would be an additional expense to provide the east side of the property with power.

Appellants rely on the opinion of real estate appraiser Brian DeCesare. He opined that the value of the property as a whole was $1,800,000.00. He did not provide a value for the property as two separate parcels.

Mr. DeCesare has been a real estate appraiser for many years. After 15 years of building medium range residential homes he completed the necessary coursework and became a certified appraiser of residential homes in 1991. He and his office regularly perform appraisals in the Stratton and Mount Snow regions, which include the Town of Landgrove. In performing appraisals, he utilizes the multiple listing service ("MLS") to extract specific data regarding properties that are for sale and for properties that have sold. He keeps up with and is aware of residential sales in the region in which he works. He also utilizes Vermont real estate sales information taken from Vermont property tax returns. His office has performed mass appraisals for towns including Wilmington, Stanford, and Windham.

In 2014, he performed an appraisal of the Laverack property. Mr. DeCesare took a number of steps prior to creating his report. He researched the town records including the lister card and the deed to the property, noting there is one deed for the entire parcel of 34 acres. He performed a physical inspection of the property. He spoke with an architect about how the property was built, which was helpful in determining quality and condition of the buildings. He compared the property with others in the region.

Mr. DeCesare offered an opinion on the highest and best use of the property. While his report does not include a discussion of highest and best use, he testified as to his opinion regarding this subject. Mr. DeCesare's opinion is that the highest and best use of the property is as a single, undivided property. His opinion is based on a number of factors. Those factors include: (1) the consistent use of the property as a single parcel for many years by multiple owners; (2) that despite the property having two separate addresses for purposes of 911 identification, the property is on one single deed; (3) the current use of the property is as one parcel; (4) that higher-priced homes in this geographic area typically have a guest house, noting that four of the six comparable homes he used had guest houses; (5) a consideration of what subdivision of the

3

parcel would do to decrease the property value of the opposite side of the road: the owner would lose control of the quality of the neighborhood; a non-family owner living in the west property as a single family home, vacation home, or ski house would change the character of the neighborhood for the east side property;  (6) dividing the property into two parcels may have costs that would argue against division as the highest and best use, including potential issues of permits and utility infrastructure; (7) when asked to do appraisals for lenders, if there is one deed a parcel is appraised as one parcel; if there are two deeds the property is appraised as two deeds.

Mr. DeCesare acknowledged that in the past the property was, two properties in separate ownership, however he understood these properties have been under single ownership as one parcel since at least 1982.  He agreed that the Town's expert, Michael Bailey used proper methodology to reach his fair market value, but noted Mr. Bailey's methodology was based on a different opinion of highest and best use.

Having concluded that the highest and best use of the property was as one parcel, Mr. DeCesare engaged in a comparable sales approach to determine the value of the property.  He reviewed the condition of the homes on both sides of the road and compared them with six other properties.  In reviewing this matter he determined that in the towns within the area — Weston, Londonderry, Peru and Landgrove — there were three to four sales over $750,000 in a typical year.  Mr. DeCesare did not include any comparable homes with a price of more than $1,650,000.00.  Most properties that he included had a guest house; some had more acreage than the Laverack property, some had less acreage.  Acreage, topography and views has impact on property value.  The value per acre decreases as acreage increases.  Using six comparable properties, Mr. DeCesare made adjustments to determine the value of the Laverack property.  Mr. DeCesare's opinion is that the fair market value of the property as of April 1, 2014, was $1,800,000.00.

Appellee town relies on the opinion of real estate appraiser Michael Bailey. He inspected the property in March, 2015.  He opines that the highest and best use of the property is as two parcels, 54 Ridge Road and 51 Ridge Road.  His opinion is that 54 Ridge Road has a fair market value of $1,750,000 and 51 Ridge Road has a fair market value of $1,050,000.  This value is $107,400.00 less than the Lister's value of the property.  He did not provide a value for the property as one parcel.

Mr. Bailey is an independent appraiser with more than 30 years of experience in Vermont.  He was employed as an assessor for a number of municipalities in Vermont.  He has taught courses on the subject.  He served for five years as a hearing officer for Vermont tax appeals on the State Appraiser Panel.  He holds a certified general appraisal license (the highest license category) in Vermont.  His office was involved in reappraisals of Peru and Weston and he has done a number of appraisals in Landgrove itself.  He is thoroughly familiar with the Landgrove residential property market as well as the surrounding towns, and he has testified extensively in Vermont, New Hampshire, and federal real-property valuation cases.

Mr. Bailey was employed by the Town to determine the fair market value of the Lavarack property.  The Town gave him no directions, except to determine the fair market value of the property as of April 1, 2014.  He inspected the homes, reviewed the Lister's information, and obtained general information about the property itself, including the deed and maps.  He did an overview of the local real estate market, noting the area had a number of high value second homes and resort homes.  He reviewed the condition of the home.  He prepared an opinion on the

highest and best use of the property as well as the fair market value based on a comparable sales approach.

Mr. Bailey concluded that the highest and best use of the property was as two separate parcels. In making this determination he utilized a four-part test: (1) is the use physically possible; (2) is the use legal; (3) is the use feasible, meaning it must return some value to the property; and (4) is it the use that generates the highest net return.

He concluded that (A) as a combined parcel, this is a unique property with excessive square footage – meaning that the market for potential purchasers of this property will be limited due to the large size of the homes on the parcel. Limited demand will increase the marketing time for the property. (B) Separating the property into two parcels would decrease the marketing time for the property. (C) Two individual properties would realize a higher value than one property. (D) No local permits are required to market these as separate parcels. (E) Changing infrastructure for underground utilities is not a substantial impediment because of the significant value of the homes – any money spent would be a small percentage of the overall value of the property. (F) There is no issue with privacy and each home does not interfere with the other's view. For those reasons, it was Mr. Bailey's opinion is that the highest and best use of the property is as two separate parcels.

In making his determination of highest and best use he did not consider: the current use of the property (because people don't always use the property as its highest and best use); the past use of the property; or the intention of the owners to use the property in the foreseeable future. Mr. Bailey did not consider the highest and best to be as one parcel because that did not generate the highest monetary value for the property.

Utilizing the highest and best use of the property as two parcels, Mr. Bailey engaged in a comparable sales approach to determine the value of each parcel. Mr. Bailey's sales comparison approach utilized properties with a fair market value that were lower than the subject property which had to be adjusted upward for comparison. He also utilized properties with a fair market value that were higher than the subject property and had to be adjusted downward for comparison. This gave Mr. Bailey a broad spectrum that did not limit the minimum value of the property or set a ceiling on the maximum value of the properties.

Mr. Bailey testified that he separately appraised the west parcel as 51 Ridge Road and the east parcel as 54 Ridge Road.

In appraising 51 Ridge Road, Mr. Bailey examined sales of comparable properties in the surrounding towns in the two years prior to the appraisal ranging from $915,000.00 to $1,100,000.00. Each sale involved houses of similar quality and size based on comparable lots. Based on adjustments detailed in his appraisal, Mr. Bailey determined the fair market value of 51 Ridge Road as of April 1, 2014, at $1,050,000.00. In appraising 54 Ridge Road, Mr. Bailey examined sales of comparable properties in the surrounding towns over the three years prior to the appraisal date. These ranged from $1,700,000.00 to $2,500,000.00. Based on adjustments detailed in his appraisal, Mr. Bailey opined a fair market value for the 54 Ridge Road property at $1,750,000.00.

Mr. Bailey opines that 54 Ridge Road has a fair market value of $1,750,000 and 51 Ridge Road has a fair market value of $1,050,000.

5

## Conclusions of Law

"When a taxpayer grieves [a tax] assessment to the state appraiser, there is a presumption that the town's assessment is valid." *Vanderminden v. Town of Wells*, 2013, VT 49, ¶ 8, 194 Vt. 96. "This is a bursting bubble presumption: if the taxpayer presents any evidence that his property was appraised above fair market value, then the presumption disappears, and 'it is up to the town to introduce evidence, that justifies its appraisal.'" *Id*. (quoting *Adams v. Town of West Haven*, 147 Vt. 618, 620 (1987)). "[The Town] can justify the appraisal by showing either that it 'substantially complied with the relevant statutory and constitutional requirements,' or that its appraisal is supported by 'independent evidence relative to the property's fair market value and the listed value of comparable properties.'" *In re Bilmar Team Cleaners*, 2015 VT 10, ¶ 10, 198 Vt. 330 (quoting *Littlefield v. Town of Brighton*, 151 Vt. 600, 602 (1989)). The parties have agreed that Appellants' evidence is sufficient to overcome the presumption of validity that otherwise attaches to the Town's valuation. Therefore, the Town has the responsibility to present evidence in support of its value. The burden of persuasion remains with the Appellants throughout the hearing, and never shifts to the Town. *Kruse v. Town of Westford*, 145 Vt. 368, 371-73 (1985). On appeal, the court makes a *de novo* determination of the fair market value of the property as of April 1, 2014. 32 V.S.A. § 4467.

The fair market value of a property is determined pursuant to 32 V.S.A. § 3481(1). The statute defines the fair market value of a property as "the price which the property will bring in the market when offered for sale and purchased by another, taking into consideration all the elements of the availability of the property, its use both potential and prospective, any functional deficiencies, and all other elements such as age and condition which combine to give property a market value." *Id*. "Common sense and practical everyday business experience are [tax appraisers'] best guides" for determining the fair market value of a property. *Potter v. Town of Clarendon*, 118 Vt. 278, 281 (1954).

The fair market value of a property reflects its "highest and best use." *Scott Const., Inc. v. City of Newport Bd. of Civil Auth.*, 165 Vt. 232, 235 (1996). In determining a property's highest and best use, appraisers must consider its "potential and prospective" uses. 32 V.S.A. § 3481(1). "The highest and best use of property has generally been construed to refer to 'the value of the property for its most profitable, *likely*, and legal use.'" *Scott Const.*, 165 Vt. at 235 (quoting D. Stockford, *Property Tax Assessment of Conservation Easements*, 17 B.C. Envtl.Aff.L.Rev. 823, 827 (1990)) (emphasis added). Because appraisers must project how a property could be used in the future, the highest and best use analysis depends on market and legal assumptions. *See Zurn v. City of St. Albans*, 2009 VT 85, ¶ 9, 186 Vt. 575. While the present matter is not a case of undeveloped land, the Vermont Supreme Court has considered the intent of the landowner when assessing highest and best of property. See *Hoiska v. Town of E. Montpelier*, 2014 VT 80, ¶ 7, 197 Vt. 196 ("Where land is not subdivided it may be appraised based on its development value as long as the valuation method is supported by *credible* evidence.")(emphasis added) (citing *The Law of Municipal Corporations* § 44:147 (3d ed.2014)).

In this case, the highest and best use determination is of utmost importance. Each appraiser had a different highest and best use determination. Additionally each appraiser did not offer an alternative of fair market value based on the other expert's determination of highest and best use. Therefore this conclusion is largely determinative of the issue. Mr. Bailey for the Town opines the highest and best use of the property is as two separate parcels – 51 and 54 Ridge Road –

7

thereby maximizing the value of the properties. Mr. DeCesare for the landowner opines the highest and best use of the property is as one parcel, as currently provided for by the deed.

The Town's position is that although 32 V.S.A. §4152(a)(3) requires contiguous lots in common ownership be listed as a single parcel, "the valuation of a parcel at its highest and best use *may* consist of distinct valuations of actual or potential lots within the parcel." *Rasmussen v. Town of Fair Haven*, 2016 VT 1, ¶ 10 (emphasis added).

There is an important distinction between the use of the term "may" as opposed to the use of the term "shall." The Supreme Court language in *Rasmussen*, *supra*, sets forth a consideration, not a mandate. Additionally, there is no evidence here that the landowner has a subdivision permit or otherwise has the intent to subdivide the two parcels. See *Lathrop v. Town of Monkton*, 2014 VT 9, ¶ 10, 195 Vt. 564 (explaining that development potential of lot is an important factor in setting value).

The court, while considering the potential and prospective uses of the property, does not find that the highest and best use is *any* potential or prospective use, rather the court finds that the highest and best use is the *likely* potential or prospective use of the property. See *Scott Const.*, 165 Vt. at 235. In this case, the evidence supports that the *likely* potential or prospective use of the property is as one parcel.

The law requires that the court consider all the factors that affect value not just one. See *Hoiska*, 2014 VT 80, ¶7. The court has considered a number of factors that affect value. The property is held in one deed, albeit on two sides of the road. Other homes with high values in the area have guest houses. The property is not an unimproved property, or undeveloped land. It is a family compound consisting of two homes and multiple outbuilding and improvements. The property on both sides of the road is historically connected and has historic value as the home and barn of a founder of Landgrove. It is a family gathering place in a rural area. It is a high value home in an area known for high value second homes. Separation of the property into two parcels with no control over the ownership of the property on the opposite sides of the road could have detrimental effects on the property. There are no trees separating one side of the property from the other. One side of the road could be affected by the number of cars, use, or the upkeep of the property on the other side of the road. This could have detrimental effects to the value of the property on the opposite side of the road and potentially destroy any "relative seclusion." Additionally, there is no evidence for the court to consider that the likely use of the parcel by as two separate properties.

Mr. DeCesare's opinion considers the "potential and prospective" uses of the property as well as a number of other factors.

The court concludes the highest and best use of the Laverack property is as one parcel.

Utilizing a comparable sales approach, Mr. DeCesare opined the fair market value of the property is $1,800,000.00. Mr. Bailey did not offer an opinion of the fair market value of the

property based on the highest and best use of the property as one parcel. The taxpayer has carried its burden of persuasion to establish the fair market value of the property. [2]

Based on the Findings of Fact and Conclusions of Law set forth above, the Court finds the fair market value of the property as of April 1, 2014 is $1,800,000.00. Appellant may submit a Judgment Order pursuant to V.R.C.P. 58.

Electronically signed on March 25, 2016 at 03:30 PM pursuant to V.R.E.F. 7(d).


_____

John W. Valente
Superior Court Judge

---

[2] In its brief Appellants ask the court to disregard the appraisal of Mr. Bailey as it is up to the Town to introduce evidence that justifies the value set by the Town. See *Vanderminden v. Town of Wells*, 2013 VT 49, ¶ 8, 194 Vt. 96. They argue the decision by the Town's Board of Civil Authority is the valuation that must be justified by the Town in this case. The Appellants assert that no evidence was presented to justify that appraisal. The court need not determine this issue based on the findings and conclusions herein.