Vermont Superior Court
Filed 10/31/25
Lamoille Unit

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-03878

| The Argentine Tango Society v. Town of Stowe Board of Civil Authority |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion: 1)
Filer:          Robert E. Fletcher
Filed Date:     September 19, 2025

In this case, the Argentine Tango Society requested a property tax exemption from the Town of Stowe's Board of Listers. The Board of Listers denied the request, and the Society appealed to the Town's Board of Civil Authority (BCA). When the Society did not provide BCA's Inspection Committee full access to one of the buildings on the Society's property, the BCA denied the appeal, deeming it withdrawn. The Society then appealed the BCA's decision to this court. The Town now moves to dismiss the appeal for lack of subject matter jurisdiction and argues that, by failing to provide full access to the Inspection Committee, the Society failed to exhaust its administrative remedies. For the reasons that follow, the motion is granted in part and denied in part.

A complaint should be dismissed under Rule 12(b) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* On a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings." *Vt. Hum. Rts. Comm'n v. Town of St. Johnsbury*, 2024 VT 71, ¶ 6.

The Town argues that the court lacks subject matter jurisdiction because the Society failed to exhaust its administrative remedies. *See Vt. College of Fine Arts v. City of Montpelier*, 2017 VT 12, ¶¶ 11-13, 204 Vt. 215 (party appealing denial of property tax exemption must exhaust administrative remedies by pursing appeal to BCA before turning to courts, but considering merits of appeal because of Court's previously "inconsistent jurisprudence" in this area); *Rasmussen v. Town of Fair Haven*, 2016 VT 1, ¶12, 201 Vt. 88 ("If a taxpayer refuses to allow an inspection of his or her property, the appeal [to the BCA] is deemed withdrawn."). In response, the Society claims the Town is estopped from seeking

dismissal of the appeal because the BCA's final decision expressly stated that the Society could appeal the decision to this court. The Society further argues that the court should consider the merits of the exemption issue *de novo*, as the Vermont Supreme Court did in the *VCFA* case.

As a threshold matter, the court rejects the Society's argument that the Town waived or is estopped from asserting its jurisdictional arguments. The Town's conduct does not control the scope of the court's jurisdiction. It is "axiomatic" that "[s]ubject matter jurisdiction cannot be waived," and that a party can raise jurisdictional objections at any time during litigation. *Town of Charlotte v. Richmond*, 158 Vt. 354, 358, 609 A.2d 638 (1992).

The court is not persuaded, however, that the Society's failure to permit access to the Inspection Committee constitutes a failure to exhaust administrative remedies that requires dismissal for lack of subject matter jurisdiction.

Rather, the court concludes the Society may appeal the BCA's final decision. Thus, the issue of whether the BCA appropriately deemed the Society's appeal withdrawn is squarely before the court. But the merits of the exemption issue are not. *See Rasmussen*, 2016 VT 1, ¶ 15 ("The only decision on appeal is the BCA's determination that taxpayer had withdrawn his appeal from the listers' appraised value by refusing to allow the inspection. It would be inconsistent with the statutory scheme and with our case law to allow a de novo hearing on the appraised value of taxpayer's property in the absence of any ruling on the merits from the BCA."); *Garbitelli v. Town of Brookfield*, 2009 VT 109, ¶ 7, 186 Vt. 648 (considering merits of inspection issue on appeal). Following the *VCFA* decision, there is no ambiguity that a taxpayer must first present an exemption appeal to the BCA before moving up the procedural ladder. *VCFA*, 2017 VT 12, ¶¶ 11-12. In the event the Society prevails on the withdrawal issue, the court will remand to the BCA to address the exemption issue in the first instance.

## ORDER

The motion to dismiss is GRANTED IN PART AND DENIED IN PART. The appeal in this court may go forward but is limited to the issue of whether the BCA properly deemed the Society's appeal to have been withdrawn.

Electronically signed on: 10/30/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge