VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-04564



| Regenerative Land Holdings, LLC v. Town of Poultney |
|---|

**DECISION AND ORDER ON DEFENDANT'S MOTION TO**
**COMPEL AND PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

This case is a dispute as to the valuation of real property for purposes of taxation. The property at issue the former campus of Green Mountain College in Poultney. The College and the campus were shuttered several years ago, but purchased in September of 2020 by Plaintiff Regenerative Land Holdings, LLC. Plaintiff has appealed pursuant to Rule 74 of the Vermont Rules of Civil Procedure and 32 V.S.A. § 4461(a) from a valuation decision by the Board of Civil Authority of Defendant, the Town of Poultney, for the 2024-25 tax year. The Town, joined by the Attorney General of the State of Vermont on behalf of interested party Vermont Department of Taxes, now moves to compel the production of documents, pursuant to Civil Rule 37(a). Plaintiff opposes the motion and has filed a motion under Rule 26(c) to bar the Town or its agents from accessing and inspecting the interior of a building—known as the Richardson House—that is the putative personal residence of Raj Bhakta, a principal of Plaintiff.

For reasons that follow, the Defendant's motion to compel is *granted*, and Plaintiff's motion for a protective order is *denied*.

Discussion

I. Defendant's Motion to Compel

Plaintiff's primary argument in opposing discovery is that this appeal is in some way an on-the-record review case, or one in which this Court reviews the actions of the Town's listers and the Board for possible procedural defects or other unlawfulness. On that understanding, Plaintiff asserts that Defendant must live with the existing record, arising from proceedings that already took place before the Town's listers and the Board. That is a mistaken view of the appeal process under 32 V.S.A. § 4467, however. As explained in *Shaffer v. Town of Waitsfield*, 2008 VT 44, 183 Vt. 428:

> The proceeding before the [superior court] was a de novo hearing, 32 V.S.A. § 4467, which we have consistently held requires the [court] to try the dispute anew, as though it had never been heard before. This means that the Town was not limited to proffering—and the [court] was not limited to considering—only such evidence as was presented below, and that appeal presented taxpayers with the risk of increase as well as the chance of decrease.

*Id.* ¶ 10 (quotations omitted; alterations added); *see also In re Milot*, 151 Vt. 615, 617 (1989) (rejecting taxpayers' argument "that a trial court in a de novo proceeding under 32 V.S.A. § 4467 is bound in some way by the evidence presented in the prior proceedings or by which party had taken the appeal"); *Green v. Town of Manchester*, No. 24-AP-114, 2024 WL 4194642, at *2 (Vt. Sept. 13, 2024) (unpub. mem.) ("[W]e are not here concerned with *any* of taxpayers' challenges to the BCA's review [of the Town's initial assessment]." (emphasis added)).[1] Indeed, concerns raised by Plaintiff about a lack of procedural due process below are not at issue here, insofar as Plaintiff appealed and thereby obtained a right to a full-blown bench trial in this Court, where the Rules of Civil Procedure govern, to ensure that litigants receive due process protections.

Plaintiff is also mistaken in asserting that because there is a presumption of validity afforded to the town's appraisal at the outset of a § 4467 appeal, "the Court provides deference to Defendant's previous appraisal of the property." As explained by our Supreme Court, the presumption of validity that the court or the State PVR Director (through an appointed hearing officer) affords the town's valuation is a "'bursting bubble,' used solely to locate the burden of production and specify the consequences for failing to meet that burden" and thus, a characterization of § 4467 review as "deferential" is inaccurate. *Town of Victory v. State*, 2004 VT 110, ¶ 18, 177 Vt. 383 (quoting *Vt. Elec. Power Co. v. Town of Vernon*, 174 Vt. 471, 473 (2002) (mem.)). Lastly, Plaintiff emphasizes, in its opposition and in its written objections to Defendant's requests for production, that "Plaintiff's claims concern Defendant's failure to follow any procedure in determining the fair market value of the Property and Defendant's violation of Plaintiff's due process rights." But if that is tantamount to arguing that Plaintiff is the master of its complaint—and therefore in control of what is or is not relevant in this proceeding—that argument is misplaced in the context of a § 4467 appeal. *See Rasmussen v. Town of Fair Haven*, 2016 VT 1, ¶ 14, 201 Vt. 88 (in § 4467 appeals, "the scope of the appeal was not limited to the issues identified by taxpayer in his notice of appeal"); *City of Barre v. Town of Orange*, 138 Vt. 484, 486 (1980) (same, noting that Court is particularly reluctant to limit scope of inquiry in tax appeals, where review is de novo). Accordingly, Plaintiff's primary argument for withholding responsive material is without merit.

Plaintiff's particular objections as to specific document requests are also unconvincing. For example, Plaintiff challenges certain document requests as implicating corporate privacy interests, or risking disclosure of confidential or "internal" business information. That concern, however, even if valid, does not alter the permissible scope of discovery as defined by Rule 26(b)(1) of the Vermont Rules of Civil Procedure. That Rule includes no limit on discovery, arising from the confidential nature or character of the materials or information sought.

Plaintiff also argues that documents revealing "speculative future business plans" or disclosing communications between Plaintiff and third parties regarding "potential improvements and potential uses" of the property are irrelevant to a determination of the fair market value of the property. The Court is not persuaded. If the future business plans disclose information about the current conditions and uses of the property, and/or how those conditions and uses might be altered and changed by Plaintiff, to achieve a higher and better use of the property, they could be relevant. *See Rasmussen*, 2016 VT 1, ¶ 10 ("A property tax assessment is based upon a property's fair market value, and the fair market value of property is, in turn, based on the highest and best use of the property." (omitting

---

[1] Trial courts are free to "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (citing V.R.A.P. 33.1(d)).

internal quotation marks and alterations)). If the disclosed future plans for the subject property are truly "speculative" or "pie in the sky" musings about potential future uses, then Plaintiff may well have grounds to prove, at trial, that they are not reliable indicators of the property's highest and best use. Or, perhaps Plaintiff will convincingly argue at trial that such documents lack any evidentiary relevance, and are thus inadmissible. But that is not the standard that controls here. *See* V.R.C.P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). At the discovery stage, Plaintiff cannot justify withholding documents that relate to business plans involving the former campus property by labeling them as "speculative," and thus, "irrelevant" to the determination of the property's highest and best use.

Plaintiff argues that documents disclosing the costs incurred by Plaintiff to improve the property are irrelevant, on the theory that cost-related documents or information "does not correlate to the fair market value of the property." But that theory is for a valuation expert to consider, and possibly advance through testimony at trial. Indeed, while an expert for Plaintiff may be able to explain, and even persuade the fact-finder to agree with the opinion of Plaintiff's counsel, that cost-of-improvement information is of limited or no probative value on the question of fair market value, the information is at least prima facie relevant. In short, those costs are a consideration to look at, at least, and therefore they are discoverable.[2]

Rule 26(h) states, in relevant part, "memoranda with respect to any discovery motion shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Defendant has followed that Rule here. Having reviewed that portion of Defendant's motion (at p. 4-9), the Court agrees with Defendant's explanations as to why each of the 20 requests for documents should be allowed.[3]

Additionally, there is no question here that Plaintiff failed to produce responsive documents within the time allowed, or the within the time stipulated by the parties. There is also no argument by Plaintiff (and no grounds, in any event) suggesting that Defendant did not make reasonable efforts to confer with Plaintiff to resolve this matter without Court intervention. Plaintiff has also failed to claim that any responsive documents that it withheld are privileged or subject to protection as trial-preparation material. *See* V.R.C.P. 26(b)(6)(A).

The Court will thus grant the motion to compel. Defendant's motion to compel also included a request to amend the current case management schedule (the so-called "Discovery/ADR Stipulation"). The Court will consider that motion withdrawn, however, and deny it as moot, given Defendant's

---

[2] The opinion advanced by Plaintiff's counsel, that cost-of-improvement information is skewed and not actually relevant to a property's fair market value, on the theory that the cost of labor and construction materials is or was at some point in time inflated (relative to the real estate market), is for an expert to advance at trial. An expert may explain whether investments on property renovations yield (or fail to yield) an increase in fair market value, or to what extent, or at what time. However, the Court will not simply decide and declare that cost-of-improvement information is so irrelevant as to be beyond the scope of permissible discovery. *See* V.R.C.P. 26(b)(1).

[3] Notably, Defendant has withdrawn portions of its requests that had sought documents pertaining to the purchase of personal property by Plaintiff. As such, the requests as they stand are appropriately tailored to the issue at hand.

filing, dated September 29, 2025, captioned as a motion "To Suspend Deadlines and Set New Deadlines."

II. <u>Plaintiff's Motion For A Protective Order</u>

On July 23, 2025, the Court granted a request, filed by Defendant under V.R.C.P. 34(a), seeking entry or access to the real property at issue, so that its valuation experts could conduct a physical inspection of the subject property, to include photographs. It appears from the parties' papers that such access and inspection actually took place, on August 4, 2025, yet with an exception— Plaintiff's agents denied Defendant's agents access into the interior of Richardson House, which is putatively the personal residence of Raj Bhakta, a principal of Plaintiff Regenerative. On September 4, 2025, Plaintiff moved for a protective order under Rule 26(c), to bar access to the interior of Richardson House, on grounds that it would cause annoyance or embarrassment to Mr. Bhakta if Defendant's agents were to view the interior of his residence. Plaintiff also claims that an inspection is unnecessary, as Richardson House was fully inspected by the Board in 2021.[4]

The Court will deny the motion for protective order for two reasons. First, the motion is unduly late and not in keeping with the Rules of Civil Procedure. Defendant first filed a Rule 34(a) request for access to the property on May 28, 2025. Plaintiff did not respond to that request in the manner set forth in Rule 34(b). Instead, Plaintiff treated the Rule 34(a) request as akin to Rule 37 motion, and argued that a Rule 34(a) request for access to lands cannot be served unless and until the requesting party has made good faith efforts to confer with the opposing party to resolve the discovery issue or controversy. Yet, Rule 34(a) does not include a requirement that the requesting party to meet and confer with the party upon whom the request is served, before service of the request. Plaintiff also argued that, in the event its pending motion for summary judgment was granted, the issue of access to lands would be moot. Thus, Plaintiff did not respond to Defendant's Rule 34(a) request with a motion for a protective order. At the hearing held June 30, 2025, Defendant indicated that it would withdraw both its pending motion to compel and its Rule 34(a) request for entry, and expressed that discovery issues may be resolved.

Following the hearing, at which the motion for summary judgment was denied on the record, there was no progress made on discovery matters. Defendant thus filed a new request under Rule 34(a). Plaintiff filed no objections to it under Rule 34(b), and the Court granted the request as unopposed. Yet, when Defendant's experts arrived on August 4, they were refused access into Richardson House. That is not an efficient use of time or money, to schedule an appraiser or other expert to perform an inspection, have the expert arrive, and then deny the expert the ability to perform all that the expert was there to do, which included an inspection of Richardson House.

Given that prior history, Plaintiff's motion for a protective order, filed on September 4, 2025, was arguably waived, and in any event, was unduly late and not in keeping with the Rules of Civil Procedure. *See* V.R.C.P. 1 (stating that the Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination in every action"). The Court would deny the motion on that basis alone.

---

[4] Plaintiff also reiterates the argument, discussed above, that this appeal involves a review of actions taken by the Town's Board in reaching its valuation of the subject property. The argument is without merit and the Court will not consider it here.

In any event, the motion for protective order is without merit.  An inspection by the Board in 2021 may contain information of some relevance, and may provide some information for the parties' experts to consider today, but it is not by itself sufficient, since this case concerns the fair market value of the property for purposes of the 2024-25 tax year.  Additionally, Defendant has stated, "on information and belief," that there were substantial renovations or improvements to the Richardson House *after* 2021.  Plaintiff suggests that an allegation based on mere "information and belief" is insufficient to warrant a new inspection of the interior of the House, but the "information" is within the knowledge and control of the property owner (Plaintiff or Mr. Bhakta), not the Town.  After all, the Town does not track the goings-on with regard to improvements made inside the House.  Further, Plaintiff voiced no express denial of the Town's allegation that there have been recent improvements made to the House.

The Court also rejects Plaintiff's suggestion, supposedly derived from *Garbitelli v. Town of Brookfield*, 2009 VT 109, 186 Vt. 648 (mem.), that the law here requires only an "adequate inspection," which in Plaintiff's view means something less than an inspection of the interior of Richardson House.  The pertinent teaching of *Garbitelli*, which resulted in an outright dismissal of the taxpayer's appeals for denying inspections of the interior of taxpayer's dwellings, is that the PVR's hearing officer under 32 V.S.A. § 4467, no less than a board of civil authority, is due an inspection that "entails a *careful* examination of the property, which would *necessarily* have to include an inspection of the interior of any dwelling."  2009 VT 109, ¶ 9 (emphasis added).  That is what an "adequate inspection" means, in this context.  And "[i]f an adequate inspection is necessary for the BCA to make its decision, then the state appraiser, to make a 'de novo' determination, must also be able to conduct an adequate inspection."  *Id.* ¶ 10; *see also Rasmussen*, 2016 VT 1, ¶ 12 ("an inspection is a critical component of an assessment" (citing *Garbitelli*)).[5]  Here, too, if *this Court*, like a PVR hearing officer, is to make its de novo determination of FMV, based on the evidence presented at trial, the parties presenting that evidence are due a right to inspect the subject premises upon reasonable request.  That inspection "necessarily" includes the interior of any dwelling.  The Court will not proceed to make factual findings based on speculative or guess-work testimony at trial as to what improvements were or were not made to Richardson House, or based on speculation as to the actual condition of the interior.

Plaintiff argues that prior valuations made by the Town for purposes of taxation were made without an inspection of the interior of Richardson House.  This shows, in Plaintiff's view, that the requested inspection today is unnecessary.  But that argument again ignores that this appeal is de novo, and proceeds as though the matter had never been heard before.  *See Monti v. Town of Northfield*, 135 Vt. 97, 100-01 (1977) ("whether the board of civil authority visited plaintiff's property or not can have little bearing on the trial court's obligation to make its own determination as to fair market value"), *abrogated on other grounds by Vermont Div. of State Bldgs. v. Town of Duxbury*, 144 Vt. 228 (1984)

---

[5] Section 4467 was amended in 2016, to make the PVR hearing officer's decision to inspect discretionary with the Director (rather than mandatory as it had been when *Garbitelli* and *Rasmussen* were decided), unless an inspection is requested by either party, in which case the inspection by the hearing officer is mandatory.  *See* 2015, No. 134 (Adj. Sess.), § 8.  While the Superior Court does not itself conduct inspections under § 4467, this amendment is consistent with and supports the conclusion that where a party (here, the Town) requests an inspection of the interior of a dwelling during a § 4467 appeal, the request should be allowed if it is sought to present evidence as to fair market value.  The Town also makes a valid point that a failure by its valuation experts to inspect a portion of the subject property, such as the interior of Richardson House, would open the expert to attack at trial, on grounds that an actual inspection was not made or was incomplete.

(per curiam). Nor is the Town somehow estopped, by its own past practices in making property valuations, from taking a different approach and presenting different or additional evidence, in this de novo appeal proceeding.

For these reasons, Plaintiff's motion for a protective order, to bar Defendant's experts access to the interior of Richardson House, is denied.

## ORDER

Wherefore, Defendant's motion to compel the production of requested documents is granted. Plaintiff shall disclose all responsive documents to the Town's counsel, in the manner provided by the Vermont Rules of Civil Procedure, within 14 days of this order. The parties shall have 21 days, from the date of this order, to file a request with the Court, for a hearing on the issue of the expenses to be awarded to Defendant for bringing the successful Rule 37 motion. *See* V.R.C.P. 37(a)(4) (award of expenses mandatory, but with opportunity for hearing).

Plaintiff's motion for a protective order is denied. Plaintiff shall cooperate in good faith with a reasonable request by Defendant to inspect the interior of Richardson House.

Defendant's motion to amend the case management schedule is denied as moot.