VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    22-AP-149



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2023

| | |
|---|---|
| Marjorie Johnston* v. City of Rutland (Kamberleigh Johnston*) | } APPEALED FROM:<br><br>} Property Valuation and Review Division<br><br>} CASE NO. PVR 2020-56 |

In the above-entitled cause, the Clerk will enter:

Taxpayer Marjorie Johnston* appeals a decision of the Division of Property Valuation and Review (PVR) setting the 2020 valuation of property owned by taxpayer in the City of Rutland. We affirm.

The parcel at issue is 0.63 acres of land improved with a residential unit on each of four contiguous lots. The City Assessor set the 2020 listed value for the parcel at $122,600 and taxpayer appealed to the Board of Civil Authority. The Board affirmed the value. Taxpayer then appealed to PVR. Taxpayer argued that two of the lots in the parcel, identified as 103MS and 60PS, were assessed above fair market value, claiming that the building values were $0 and the land value for each was $11,000. Taxpayer did not contest the values of the other two lots at $53,400 and $15,100. Following a hearing, the PVR hearing officer made the following findings. Lot 103MS was 0.14 acres and improved with a single-family dwelling that was in very poor condition and uninhabitable. Lot 60PS consisted of 0.16 acres and was improved with a two-family dwelling that was in average condition and uninhabitable. Both lots had municipal water and sewer services. The highest and best use of the property was as four lots improved with residential housing. The hearing officer found that taxpayer provided sufficient evidence to overcome the presumption of validity for the City's valuation by presenting her own estimate of the property's value. Ultimately, however, the hearing officer was not persuaded by taxpayer's opinion that the fair market value of the entire parcel was $90,500. The hearing officer set the fair market value at $131,300 and the listed value at $122,600. Taxpayer appealed.

---

* The property at issue is owned by Marjorie Johnston. Her son Kamberleigh Johnston participated in the PVR proceedings as her agent. Both are listed on the notice of appeal to this Court and both signed the appellant's brief. We need not reach the question of Kamberleigh Johnston's standing to appeal since Marjorie Johnston has standing and has signed the appellant's brief.

A decision by a PVR hearing officer is presumed to be correct, and we will not set aside the hearing officer's findings unless they are clearly erroneous. Garbitelli v. Town of Brookfield, 2009 VT 109, ¶ 5, 186 Vt. 648 (mem.). Taxpayer has the burden to show that the hearing officer's exercise of discretion was clearly erroneous. Id. Our review of legal conclusions, by contrast, is nondeferential and plenary. Barnett v. Town of Wolcott, 2009 VT 32, ¶ 5, 185 Vt. 627 (mem.).

Taxpayer's appellate brief contains a factual narrative that references parcels of property and PVR appeals that are not the subject of this case. Furthermore, taxpayer's list of issues on appeal does not contain arguments related to the facts of this case. In particular, taxpayer makes several arguments related to perpetual lease agreements, but does not explain the relevance of any perpetual lease agreements to the valuation of this property, which the City agrees is owned by taxpayer.

The City argues that the appeal should be dismissed because the brief fails to identify issues for appeal or provide proper references or support for arguments as required by Vermont Rule of Appellate Procedure 28(a). In the alternative, the City contends that taxpayer fails to provide any basis to reverse the hearing officer's decision.

Taxpayer generally asserts that the case should be remanded "to give full hearing" and "fair consideration." Taxpayer does not provide any argument as to the specifics of this case. The hearing officer weighs the evidence and determines the credibility of witnesses. "If the hearing officer's decision is supported by some evidence from the record, the appellant bears the burden of demonstrating that the exercise of discretion was clearly erroneous." Jackson Gore Inn v. Town of Ludlow, 2020 VT 11, ¶ 44, 211 Vt. 498 (quotation omitted). We conclude that taxpayer has not provided any basis to reverse the hearing officer's exercise of discretion in this case.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice